**Everett L. REESE and United Communications, Inc., Appellants,**

v.

**BEAUMONT BANK, N.A., and Gerald Clark, Appellees.**

**No. 09–89–165 CV.**

Court of Appeals of Texas, Beaumont.

May 17, 1990.

Rehearing Denied May 31, 1990.

Richard N. Evans, II, Beaumont, for appellants.

Richard Scheer, Walter Snider, Strong, Pipkin, Nelson & Bissell, Beaumont, for appellees.

## OPINION

WALKER, Chief Justice.

This case comes to us out of the 136th District Court in and for Jefferson County, Texas where the Honorable Jack R. King granted a summary judgment in favor of appellees. The order granting summary judgment reads as follows:

"It is, therefore, Ordered, Adjudged and Decreed that the defendant's motion for summary judgment is GRANTED as to all claims of both plaintiffs."

This order was signed on the 30th day of May, 1989. It is this order to which appellants seek their appeal.

On December 2, 1985, appellee, Beaumont Bank, N.A., filed its original suit along with an application for temporary restraining order and for temporary injunction against appellants, Everett L. Reese and United Communications, Inc. This original law suit concerns several promissory notes on which Reese and United were makers and also sought a temporary restraining order and injunction to prevent Reese's or United's encumbering or transferring their real property and their forming a new corporation to receive any property from United. The trial court issued its temporary restraining order on December 3, 1985. This temporary restraining order was extended, by agreement of all parties, three times with counsel for appellants agreeing to all three extensions of said temporary restraining order. The attorney for appellants who agreed to these extensions, subsequently withdrew as counsel and appellants' current attorney was substituted.

On January 3, 1986, a temporary injunction was issued by the court against the appellants. On January 4, 1986, appellants filed their original answer to that suit. The temporary injunction was later vacated, in April, 1986.

Meanwhile, on December 9, 1985 (after the original issuance of the temporary restraining order), the parties entered into a letter agreement regarding repayment of the existing loans of appellants, and setting forth the conditions for further credit extensions to United by Beaumont Bank.

The December 9, 1985 letter agreement states in part that appellants, United and Reese "are indebted to Beaumont Bank, N.A. without any defense, offset or counter-claim," then listing the principle amounts and interest on the notes in question. The agreement further provides that Beaumont Bank agreed to renew and modify those notes and Reese agreed to execute deeds of trust to Beaumont Bank granting to the Bank a valid first lien on two tracts of land in Jasper County. This agreement goes on to set out the conditions for further credit extension by the Bank to United, and also provides that the temporary restraining order presently in effect would be continued by agreement until the execution and closing of the loans, at which time the parties agreed to dismiss the suit. This letter agreement was signed by Gerald Clark as president of Beaumont Bank and was agreed to and signed by Reese, both individually and as president of United.

All of the foregoing events occurred in connection with Beaumont Bank's original petition and application for temporary restraining order and temporary injunction, filed under docket number D–123,133. On December 14, 1987, appellants Reese and United, filed their action against Beaumont Bank and Gearld Clark under docket number D–126,173, complaining of alleged violations of the Texas Deceptive Trade Practices Act, fraud, tortuous interference with prospective business relations, breach of contract, and abuse of process. This new action was later consolidated with the original action filed by Beaumont Bank and the parties were realigned so that appellants Reese and United, appeared as plaintiffs in the court below and appellees, Beaumont Bank and Clark, appeared as defendants.

Appellees then filed their motion for summary judgment to which the appellants, Reese and United, responded. Following the granting of the summary judgment in favor of appellees, appellants moved to dismiss the cause of action of Beaumont Bank and that motion was granted by the trial court on June 9, 1989.

This appeal was taken by appellants Reese and United from the summary judgment.

It is important to our decision and determination here to detail the grounds upon which appellees were seeking a summary judgment and the manner in which the appellants responded to same. Appellees' motion for summary judgment was based upon a number of separate grounds. Under two different headings, there were eight separate grounds stated in the motion for summary judgment as follows:

"(1) The plaintiffs, Reese and United, waived and release their claim against the defendants, Beaumont Bank and Clark.

(a) The December 9, 1985, letter agreement states that the Plaintiffs were indebted to Beaumont Bank 'without any defense, off-set or counter-claim.'

(b) Whatever claims the plaintiffs Reese and United might have are compulsory counter-claims under Rule 97(a), TEX.R. CIV.P.; thus, those compulsory counter-claims had to have been brought in the original action filed by Beaumont Bank.

(c) Alternatively, the plaintiffs alleged claims are permissive counter-claims under (b) of Rule 97, TEX.R.CIV.P., and thus should have been stated in the original action by Beaumont Bank.

(d) Alternatively, the December 9, 1985, letter agreement constitutes an accord and satisfaction.

(e) Further in the alternative, the December 9, 1985, letter agreement constitutes a complete and binding release of the defendants encompassing all of the plaintiffs' claims.

(2) The plaintiffs, Reese and United acquiesced in and agreed to the extension of the temporary restraining order.

(a) By agreeing to the extension of the temporary restraining order, the plaintiffs acquiesced in that TRO and waived their rights to contest its validity or seek any damages arising from the issuance of the TRO.

(b) The plaintiff, United, also acquiesced in the temporary injunction by virtue of the statement of its counsel at a hearing before the trial court.

(c) In the alternative, plaintiff United, is collaterally estopped from claiming that either the TRO or the temporary injunction was wrongful."

It is important to note that the response made by appellants to the motion for summary judgment, replied to only three of these eight grounds for summary judgment. Those being numbers 1(a), 1(b), and 2(a) as shown above. Appellants' response to the motion for summary judgment did not in any way respond to the basis for summary judgment contained in appellees' motion for summary judgment concerning the permissive counter-claim rule, accord and satisfaction, release, United's acquiescence in the temporary injunction, and United's being collaterally estopped from claiming that the TRO or temporary injunction was wrongful.

In the trial court's order granting the summary judgment in favor of appellees, the trial court did not specify the grounds on which the summary judgment was granted. There is no indication in the record that any objection or exception to the judgment of the trial court was made by appellants for a failure to specify the grounds for the summary judgment.

■ Appellants are before this court on appeal setting forth six points of error which are focused primarily in claims of substantive error as opposed to procedural. Appellees' first reply point to appellants' brief and points of error takes the position that the judgment of the trial court should be affirmed because appellants have neither assigned as error all of the possible specific grounds for the summary judgment, nor stated in general points of error in accordance with the decision in the Texas Supreme Court in *Malooly Brothers, Inc. v. Napier,* 461 S.W.2d 119 (Tex.1970). In other words, although appellees stated separate grounds in moving for summary judgment, and although the trial court did not specify its grounds for rendering summary judgment, appellants neither attacked by specific points of error and argument all grounds for summary judgment nor

brought before this Court a general point of error attacking the granting of summary judgment under the *Malooly* case. Therefore, we feel compelled to give close observation to the case of *Malooly.* The Supreme Court in that case set forth, in so many words, a sufficient point of error and the only point of error necessary, in a summary judgment case: "The trial court erred in granting summary judgment." The court went on to hold that a summary judgment must stand where it may have been based on a ground not specifically challenged by the non-movant and where there is no general assignment of error such as that just quoted.

This rule has been followed in subsequent cases such as *Rodriguez v. Morgan,* 584 S.W.2d 558, 559 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.) (although the appellant from the summary judgment stated some specific points of error, the trial court may have based the summary judgment on a ground not specifically challenged by the appellants by assignment of error or by briefing); *Dubow v. Dragon,* 746 S.W.2d 857, 859 (Tex.App.—Dallas, 1988, no writ) (where there is no general point of error complaining of the granting of summary judgment, if there is another possible ground, which was not attacked by point of error, on which the judgment could have been entered, the judgment must be affirmed); *King v. Texas Employers' Insurance Association,* 716 S.W.2d 181, 182–183 (Tex.App.—Fort Worth 1986, no writ) (because summary judgment may have been granted, either properly or improperly, on a ground set forth in the motion for summary judgment, which ground was not challenged by point of error by the appellant, the summary judgment must be affirmed).

It is apparently settled law that where the appellant from a summary judgment does not specifically attack every possible basis, whether a proper or improper basis, stated in the motion for the summary judgment by specific points of error and also fails to include a general, *Malooly* point of error, the summary judgment must be affirmed if there is another possible ground upon which the trial court could have based the summary judgment. *See* also, *Tilotta*

*v. Goodall,* 752 S.W.2d 160, 161 (Tex.App. —Houston [1st Dist.] 1988, pet. denied) (when a summary judgment order does not state the specific grounds upon which it is granted, a party appealing from that order must show that each of the independent arguments alleged in the motion for summary judgment is insufficient to support the order).

. This is precisely the situation before us, appellants only attack three out of eight specifically stated grounds.

■ Appellants purport to attack, by specific points of error, some of the grounds for summary judgment which were not opposed in the appellants' response to the motion for summary judgment (e.g., appellants refer to the defensive issue of waiver, release, and accord and satisfaction in their point of error one). However, any issue not expressly presented to the trial court by the motion for summary judgment or response, or answer thereto, can not be considered on appeal as grounds for reversal. Rule 166a(c), TEX. R.CIV.P.

■ Accordingly, issues not presented to the trial court in writing are waived. *State Board of Insurance v. Westland Film Industries,* 705 S.W.2d 695, 696 (Tex.1986). This places appellants in the position of having no points of error attacking any grounds upon which the summary judgment could have been based other than the grounds expressly presented to the trial court in their response to the motion for summary judgment. To be even more specific, we look to appellants' point of error number one, which is the only point of error specifically addressing the defenses of waiver, release, and accord and satisfaction. The only argument that is made is that the contract was "executory", thus the argument does not address the three defenses named in the point of error; and the only argument made under that point, that the contact was "executory", was not made in the trial court and thus was waived. Rule 166a; *State Board of Insurance, supra.* In addition, appellants failed to at-

tack the grounds for summary judgment by a general, *Malooly* point of error.

It is the opinion of this Court that under the authority of *Malooly* and other cases cited in this opinion, the trial court's summary judgment should be affirmed and we need go no further to justify affirmance of the trial court's judgment. The argument and authorities under appellees' reply point one are sufficient, without more, to mandate affirmance.

AFFIRMED.