Olivia JOHNSON, et al., Appellants,

v.

**CALHOUN COUNTY INDEPENDENT SCHOOL DISTRICT, et al., Appellees.**

No. 13–95–495–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 13, 1997.

Rehearing Overruled March 27, 1997.

---

Cynthia T. Sheppard, Houston, Marek & Griffin, Victoria, Lennon C. Wright, Law Offices of Lennon Wright, Houston, for appellants.

Tom Garner, Jr., Wanda Roberts, Garner, Roberts & Roberts, Port Lavaca, for appellees.

Before the court en banc [1]

## OPINION

DORSEY, Justice.

This case involves claims against two high school principals and a public school district by Olivia Johnson as surviving parent and representative of the estate of Sheryl Hall, a girl who was fatally stabbed at her high school. Sheryl Hall, Cle Archangel, and Owen Dorsey were students at Calhoun High School in the spring of 1991. Hall and Archangel developed a rivalry for Dorsey's affections that sparked several altercations between the girls over the week of spring break. When classes resumed on April 2, Archangel's grandmother and custodian, Marlene Archangel, went to the school and told the principal, Jim Collins, about the conflict between the girls. Vice-principal Ettie Kana held separate conversations with the girls and then returned the girls to class. Between classes, the girls had a verbal confrontation that had to be broken up by the school security guard. During the altercation, Archangel threatened to kill Hall. While walking away toward class, Archangel told Dorsey that she had a knife in her purse. Dorsey testified that he believed a teacher heard him ask Archangel to give him the knife, although Kana testified that she had polled the teachers and all said that they had

---

1. Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN § 74.003 (Vernon 1988); Tex.R.App.P. 79(d).

not known about the knife. At lunch time, Hall and Archangel again confronted each other, and this time Archangel used the knife she had in her purse to fatally stab Hall.

Claims were filed against appellees for wrongful death under section 71.002 of the Texas Civil Practice and Remedies Code, and for deprivation of civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment. The appellees moved for summary judgment on several grounds, including limitations on the action against Kana, statutory personal immunity for Kana and Collins for all acts not involving the active infliction of discipline on the plaintiff, sovereign immunity, and the absence of several of the requirements of a section 1983 action, including a "special relationship" between the state and the plaintiff, reasonable grounds for searching the plaintiff's assailant, deliberate indifference, and an official policy or established pattern of discriminatory discipline. The summary judgment was granted as to all appellees, although the order did not specify the grounds on which it was based.

Johnson appeals the summary judgment order, bringing six points of error. The first point of error challenges the personal immunity of Collins and Kana. The second point argues that there were fact issues regarding appellees' "callous indifference" which deprived Hall of her rights, and the fourth point argues the existence of fact issues regarding an official policy or custom on the part of the Calhoun I.S.D. that deprived Hall of her rights. Both the second and fourth points, however, only become viable if we sustain appellant's third point of error, which argues that a "special relationship" existed between the school district and Hall which makes possible a claim against the school district alleging that its failure to protect Hall arose from "callous indifference" or an official policy or custom. See *DeShaney v. Winnebago County DSS*, 489 U.S. 189, 197–99, 109 S.Ct. 998, 1004–05, 103 L.Ed.2d 249 (1989) (government has no duty to protect citizens from private violence unless a "special relationship" has been shown between government and the victim). The fifth point of error argues that limitations do not bar appellant's claims against Kana, and the sixth point of error argues that sovereign immunity should not apply.

We begin with the personal immunity issue. Appellant asserts that it was negligent for Collins and Kana to fail to discipline Archangel for possession of the knife and/or threatening Hall's life, either of which should have warranted suspension from school. Appellant points to fact issues raised by disputes about the appellees' knowledge of the death threats and the existence of the knife. Appellant argues that this negligence in the area of discipline removes the school professionals' statutory personal immunity. Appellees argue that the personal immunity statute provides immunity in all contexts except where affirmative acts of discipline on the plaintiff are at issue.

■ For summary judgment to be proper, it must be shown that there is no genuine issue of material fact in the case and that the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex.1985). Matters of statutory construction are legal issues which are appropriate for summary judgment. *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655–656 (Tex.1989).

■ The Texas legislature has recognized the immunity of public school teachers and principals from suit in the Texas Education Code, as follows:

A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee; except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injuries.

TEX.EDUC.CODE ANN. § 21.051(a) (Vernon 1996).

This section of the Code creates a very narrow exception to the school employee's immunity for the use of excessive force or for negligent acts of discipline which cause injury to a child. *Id.* What this exception from immunity means has been examined by the supreme court twice. *Barr v. Bernhard*, 562

S.W.2d 844 (Tex.1978); *Hopkins v. Spring Indep. Sch. Dist.,* 736 S.W.2d 617, 619 (Tex. 1987). In *Barr,* the court stated:

> We hold Section 21.912(b) of the Texas Education Code to mean that a professional school employee is not personally liable for acts done within the scope of employment, and which involve the exercise of judgment or discretion, *except in circumstances where disciplining a student, the employee uses excessive force or his negligence results in bodily injury to the student.*

562 S.W.2d at 849 (emphasis added). The court in *Barr* specifically rejected the notion that *any* act of negligence that results in injury to a student is actionable. *Id.*

In *Hopkins,* the supreme court determined that school employees who failed to act when a student was injured at the hands of another student were not guilty of "negligent discipline." *Hopkins,* 736 S.W.2d at 619. "Negligent discipline" is "punishment [which] involves no force, but rather requires some action on the part of the student as a result of which the student suffers bodily injury," as in ordering a student to run laps. *Diggs v. Bales,* 667 S.W.2d 916, 918 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). The supreme court relied on this definition in *Hopkins.* 736 S.W.2d at 619. In both *Barr* and *Hopkins* the exception to immunity was construed very narrowly by the court, with sharp dissents in each case. *See Barr,* 562 S.W.2d at 848–50; *see also Hopkins,* 736 S.W.2d at 618–22.

The issue here is whether the negligent failure to discipline is actionable to the same degree as negligent discipline. The supreme court has answered this question in the negative. *Hopkins,* 736 S.W.2d at 619. Although the general concept of negligence imposes liability where one acts imprudently as well as when one fails to act when there is a duty to do so, we are dealing here not with common law negligence but rather with a specific and narrow exception to immunity. Although there is a duty on principals and teachers to keep order in the schools, it is only when they are disciplining a student that they lose their immunity from suit. The supreme court has repeatedly stated that

waiver of governmental immunity is a matter to be addressed by the legislature. *Hopkins,* 736 S.W.2d at 619; *Barr,* 562 S.W.2d at 846; *Lowe v. Texas Tech Univ.,* 540 S.W.2d 297, 298 (Tex.1976). We decline to stray from this rule. Appellant's first point of error is overruled.

■ In appealing a summary judgment, the appellant must negate each independent ground on which the summary judgment was based. *Reese v. Beaumont Bank, N.A.,* 790 S.W.2d 801, 804 (Tex.App.—Beaumont 1990, no writ); *Tilotta v. Goodall,* 752 S.W.2d 160, 161 (Tex.App.—Houston [1st Dist.] 1988, writ denied). When the summary judgment does not specify the grounds for the judgment, it will be sustained if any ground asserted in the motion can be upheld. *Weakly v. East,* 900 S.W.2d 755, 758 (Tex.App.—Corpus Christi 1995, writ denied). Having determined that Collins and Kana enjoyed immunity, we need not address appellants' remaining points of error relating to them. TEX. R.APP.P. 90(a).

■ Appellant also brought a claim against appellees for civil rights violations under 42 U.S.C. § 1983 and the Fourteenth Amendment's Due Process Clause. A claim under section 1983 must prove 1) a violation of rights secured by the Constitution or laws of the United States, and 2) the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254–55, 101 L.Ed.2d 40 (1988). The Due Process Clause of the Fourteenth Amendment was intended to prevent government from abusing its power or using it as an instrument of oppression. *DeShaney,* 489 U.S. at 197, 109 S.Ct. at 1004. The state does not generally owe a duty to protect citizens from private violence under the Due Process Clause. *Id.* at 196, 109 S.Ct. at 1003. A narrow exception is drawn where a "special relationship" has arisen between the state and one under the state's care. *Id.* at 198, 109 S.Ct. at 1004–05. However, the state's duty to protect from private actors will only arise when "the state by the affirmative exercise of its police power so restrains an individual's liberty that it renders him unable to care for himself." *Id.* at 200, 109 S.Ct. at 1005.

■ Appellant refers us to a 1987 Fifth Circuit opinion that permitted a section 1983 claim against a Texas school district to proceed based on Texas's compulsory education statute. *See Lopez v. Houston Indep. Sch. Dist.*, 817 F.2d 351, 354 (5th Cir.1987). In *Lopez*, the plaintiff was hurt in a fight on a school bus when the bus driver did little to aid or protect him once the fight broke out. While not explicitly holding that compulsory school attendance creates a special relationship, that holding may be discerned from the court's treatment of the case. *Id.*; *see also Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 527 (5th Cir.1994) (finding that special relationship existed between bus driver and student may be discerned from *Lopez* ).

However, in 1995, the Fifth Circuit overruled *Lopez* in light of the Supreme Court's decision in *DeShaney*. *Walton v. Alexander*, 44 F.3d 1297, 1303–04 n. 4 (5th Cir.1995). The plaintiff in *Walton* was a student and resident at a state school for deaf children who had been sexually molested by another student/resident. The Fifth Circuit reversed the federal district court's order denying summary judgment for the defendant, the superintendent of the school. *Walton* described the situation presented in *Lopez* as "[c]learly not the type of restraint on personal liberty nor the type of affirmative act by the state intended by *DeShaney*." *Id.*

Therefore, in light of *Deshaney* and *Walton*, we also conclude that no special relationship exists between a student and a public school district that would allow for a cause of action under section 1983. Appellant's third point of error is overruled.

As we have found that appellant has no cause of action under section 1983 against the school district, we need not address any of appellant's other points of error pertaining to sovereign immunity or the elements of a section 1983 claim, because none of those points support a claim against the school district or the other appellees independent of the section 1983 claim already addressed.

The summary judgment is AFFIRMED.

Dissenting opinion by CHAVEZ, J., joined by FEDERICO G. HINOJOSA, Jr. and YAÑEZ, JJ.

CHAVEZ, Justice, dissenting.

I join in the majority's opinion affirming the summary judgment in favor of appellee Calhoun County Independent School District. Because I believe the trial court properly ruled that limitations bar any claim against appellee Kana, I concur in the summary judgment in her favor. However, I would reverse the summary judgment with regard to appellee Collins. I respectfully dissent from the portion of the majority's opinion holding that school officials may not waive their immunity by negligently failing to discipline.

The claim in this case arose within the context of student discipline. The petition alleged that the school officials were negligent in failing to discipline Archangel, and that this negligent failure to discipline resulted in bodily harm to Hall. The general meaning of "negligence" includes both acts *and* omissions that are contrary to what would be expected of a reasonably prudent person under similar circumstances. BLACK'S LAW DICTIONARY 1032 (6th ed. 1990). In the context of this case, I believe immunity should be waived for a negligent failure to discipline to the same extent as for a negligent act of discipline. It would be a misreading of *Barr* to limit the exception to immunity to negligent *acts* only. In its discussion of the waiver provision, *Barr* specifically acknowledged that "negligence occurs as a result of an act or omission by an individual." *Barr*, 562 S.W.2d at 848.

I also do not agree that *Hopkins* precludes a waiver of immunity for negligent failure to discipline. In *Hopkins*, a child with cerebral palsy was pushed into a stack of chairs by other students and sustained a head injury. At that time, she was not taken for medical care. Later in the day her convulsions became severe, but she was not taken for medical treatment until she was passed into the custody of a day care center at the end of the school day. The alleged negligence of the school officials in *Hopkins* was not the negligent failure to discipline those who pushed the girl into the chairs, but the negligent failure to seek appropriate medical care for the girl while she was at school. Therefore,

no issue pertaining to negligence in the context of student discipline was involved in the case.

I would hold that fact issues exist concerning appellee Collins's alleged negligent failure to discipline sufficient to preclude summary judgment of the wrongful death claim against him.

FEDERICO G. HINOJOSA, Jr. and YAÑEZ, JJ., join in the dissent.