**Imogene WARNER and Carroll Warner, Appellants,**

v.

**ORANGE COUNTY, Texas, Appellee.**

No. 09–97–169 CV

Court of Appeals of Texas, Beaumont.

Submitted Nov. 12, 1998.

Decided Jan. 21, 1999.

Mike Jacobellis, Tonahill, Hile, Leister & Jacobellis, Beaumont, for appellant.

John Kimbrough, County Attorney, John McElroy, Assistant County Attorney, Orange, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

**OPINION**

BURGESS, Justice.

Imogene and Carroll Warner sued Orange County, Texas, alleging negligence and gross negligence. Orange County moved for summary judgment and the trial court granted the motion without articulating on what grounds or the court's reasoning. Therefore, the Warners must show that each of the independent arguments alleged in the motion for summary judgment is insufficient to support the granting of the motion. *Reese v. Beaumont Bank, N.A.,* 790 S.W.2d 801, 804 (Tex.App.—Beaumont 1990, no writ). Since the Warners challenged the summary judgment by specific points, rather than assigning a general "Malooly" point of error, *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970), the summary judgment must be affirmed if there is another possible ground on which the trial court could have based the summary judgment. *Reese,* 790 S.W.2d at 804.

The Warners bring two points of error:

*POINT OF ERROR ONE RESTATED*

The trial court erred in finding that the incident did not arise out of the use and operation of a motor driven vehicle, and was therefore barred by sovereign immunity.

*POINT OF ERROR TWO RESTATED*

▮ The trial court erred in granting summary judgment in that there remains a fact question as to whether the county's negligence was a proximate cause of the event.

Their brief makes no arguments other than those related to the two points recited above.

These points do not address all of the grounds upon which summary judgment could have been granted. Orange County moved for summary judgment on the additional grounds that under either section 101.055(3) or 101.057(2) of the Texas Civil Practices and Remedies Code, the Texas Tort Claims Act does not apply to the Warners' claim. TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.055(3), 101.057(2) (Vernon 1997). Thus, they argue, the Texas Tort Claims Act does not waive sovereign immunity for this action.

 "[I]n the absence of a general point of error complaining of summary judgment, there must be a specific point on each possible basis for summary judgment to avoid a waiver of those grounds." *Parrish v. Brooks*, 856 S.W.2d 522, 527 (Tex.App.—Texarkana 1993, writ denied). Orange County's contention that the Texas Tort Claims Act is inapplicable to the case at bar is not argued or even mentioned in the Warners' brief. "[Appellant's] failure to address each theory that might support the trial court's entry of summary judgment requires an affirmance." *Tindle v. Jackson Nat'l Life Ins. Co.*, 837 S.W.2d 795, 801 (Tex.App.—Dallas 1992, no writ). If summary judgment may have been granted, properly or improperly, on a ground not challenged, the summary judgment must be affirmed. *Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex.App.—Dallas 1992, writ denied); *King v. Texas Employers' Ins. Ass'n*, 716 S.W.2d 181, 182 (Tex.App.—Fort Worth 1986, no writ). The Warners failed to challenge two grounds upon which summary judgment may have been granted and thereby waived any error.

The judgment of the trial court is AFFIRMED.

STOVER, Justice, dissenting.

The majority opines that since the appellants challenged the summary judgment by specific points rather than by a general "Malooly" point of error, the summary judgment must be affirmed because there are other possible grounds upon which the trial court could have based the summary judgment. I disagree because, in my opinion, the other arguments alleged in the motion for summary judgment are not independent grounds upon which summary judgment could have been granted.

In their first amended petition, the Warners pled negligence and gross negligence. In its motion for summary judgment, Orange County argued it was entitled to summary judgment based on the affirmative defense of sovereign immunity. Under the common-law doctrine of sovereign immunity, a governmental entity "is immune from tort liability for its own acts or the acts of its agents unless the Texas Tort Claims Act waives immunity." *City of Amarillo v. Martin*, 971 S.W.2d 426, 427 (Tex.1998). Under the Tort Claims Act, a governmental unit is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

> (B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997).

In its motion for summary judgment, in support of its affirmative defense of sovereign immunity, Orange County argued (a) the Plaintiffs made no allegation of any condition or use of real property; (b) the Plaintiff's allegations did not implicate the use of any tangible personal property; (c) the facts as alleged by the Plaintiffs do not amount to the use of an automobile as contemplated by the Texas Tort Claims Act; (d) the operation or use of the vehicle was not the proximate cause of the Plaintiff's injuries; (e) under section 101.055(3), the Texas Tort Claims Act does not apply to a claim arising from the failure to provide or the method of providing police protection; and (f) under section

101.057(2), governmental entities are immune from liability for intentional torts committed by third parties. The trial court granted summary judgment without specifying the ground relied on.

On appeal, the Warners argue the trial court erred in finding the incident did not arise out of the use and operation of a motor driven vehicle and erred in that there remains a fact question as to whether the county's negligence was a proximate cause of the event. Their appellate brief is restricted to these two arguments.

The majority holds that the summary judgment must be affirmed based on the Warners' failure to address (e) and (f) listed above. I agree with the basic premise that if summary judgment may have been granted on a ground not challenged, the summary judgment must be affirmed. However, the ground relied on in granting the summary judgment must be an *independent ground.* See *Jensen Const. Co. v. Dallas County*, 920 S.W.2d 761, 767 (Tex.App.—Dallas 1996, writ denied) (when motion for summary judgment alleges more than one basis of support, and order granting motion is silent about the reason for granting the motion, appellant must show that each independent ground alleged in the motion is insufficient to support summary judgment). *See also Winston v. American Medical Int'l, Inc.*, 930 S.W.2d 945, 951 (Tex.App.—Houston [1st Dist.] 1996, writ denied); *Johnson v. Calhoun County Indep. School Dist.*, 943 S.W.2d 496, 499 (Tex.App.—Corpus Christi 1997, writ denied).

I do not agree that sections 101.057(2) and 101.055(3) are independent grounds. Both are exceptions to the limited waiver of immunity brought about by the act. In *Delaney v. University of Houston*, the Texas Supreme Court stated:

> [I]f a claim is barred by immunity, but immunity is waived under sections 101.021–.022 of the Act, action is still prohibited if the claim falls within [an] exception. If, however, a claim is not barred by immunity, neither the waiver of immunity

by the Act, nor the exceptions to that waiver, are relevant.

835 S.W.2d 56, 58 (Tex.1992). Therefore, a determination of whether the Warners' claim is barred by either section 101.057(2) or 101.055(3) is to be made *after* it has been decided that sovereign immunity is waived under some other section of the Tort Claims Act. It is a two-step process. The first step is a determination of whether immunity has been waived under some provision of the act. In this case, to determine if sovereign immunity is waived by section 101.021, our analysis must focus upon whether the use or operation of a motor vehicle caused an injury to the plaintiff and whether the county's negligence was the proximate cause of the event. If the resolution of this first step results in a finding that sovereign immunity has been waived, then the second step is to determine if an exception to the waiver applies, in this case 101.057(2) or 101.055(3).

Assuming the trial court granted summary judgment on one of these two exceptions, the judgment would have been dependent upon an initial determination that sovereign immunity had been waived. This determination that sovereign immunity had been waived would have included a finding that a motor vehicle had been used or operated and the county's negligence was the proximate cause of the event. Thus, the exceptions, in this case, are dependent on the finding of the use of a motor vehicle and proximate cause. As stated earlier, these two issues were the focus of the Warners' appellate brief. The question of whether a fact issue exists (as to proximate cause or the use or operation of a motor vehicle) is not answered. If a fact issue remains as to use or operation of a motor vehicle or proximate cause, the summary judgment would have been improperly granted. For these reasons I would proceed to determine the merits of the case.