In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-470 CV


____________________



JUDY SQUIER, individually and as representative of 


THE ESTATE OF MARC SQUIER, Appellant



V.



SHEPHERD EMERGENCY MEDICAL SERVICES, INC., Appellee






On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Cause No. 9763






O P I N I O N


 Judy Squier, individually and as representative of the estate of Marc Squire,
deceased, filed a wrongful death suit against Shepherd Emergency Medical Services, Inc. 
Shepherd moved for summary judgment claiming sovereign immunity. The trial court
granted the motion. 

 Shepherd's motion raised two grounds for summary judgment: (1) the members of
Shepherd EMS are not employees within the meaning of the Texas Tort Claims Act; and
(2) Shepherd EMS has not waived its immunity. The trial court did not specify upon
which ground summary judgment was granted. Thus, Squier must argue that every ground
in the summary judgment motion is erroneous. See Simmons v. Healthcare Centers of
Texas, Inc., 55 S.W.3d 674, 680 (Tex. App.--Texarkana 2001, no pet.)(citing
Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex.1995)). 

 Squier appeals claiming "the trial court erred in granting [Shepherd's] motion for
summary judgment because [Shepherd] waived its sovereign immunity in that there is
evidence that Marc Squier's death arose from [Shepherd's] use or misuse of tangible
personal property and in violation of ordinances and statutes while responding to a 911
emergency call or when reacting to an emergency situation." Squier's brief makes no
arguments other than those related to the issue recited above.

 Since Squier challenged the summary judgment by a specific point, rather than
assigning a general "Malooly" point of error, Malooly Bros., Inc. v. Napier, 461 S.W.2d
119, 121 (Tex. 1970), the judgment must be affirmed if there is another possible ground
on which the trial court could have based the summary judgment. See Warner v. Orange
County, 984 S.W.2d 357 (Tex. App.--Beaumont 1999, no pet.). In the present case, we
must conclude the trial court could have granted summary judgment based on Shepherd's
contention that it cannot be held liable for the actions of volunteers. See Harris County
v. Dillard, 883 S.W.2d 166, 167 (Tex. 1994). Squire failed to challenge a ground upon
which summary judgment may have been granted. Thus, the judgment must stand. See
Rogers v. Continental Airlines, Inc., 41 S.W.3d 196, 199 (Tex. App.--Houston [14th
Dist.] 2001, no pet.).

 The judgment is AFFIRMED.

 PER CURIAM

Submitted on March 8, 2002

Opinion Delivered March 14, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.