Raymond SOMERS, derivatively on behalf of EGL, INC., and Vivian Golombuski and Platinum PVA Fund, on behalf of themselves and all others similarly situated, and Platinum PVA Fund, Appellants,

v.

James R. CRANE, Milton Carroll, James C. Flagg, Frank J. Hevrdejs, Paul W. Hobby, Michael K. Jhin, Neil E. Kelley, Sherman Wolff, Centerbridge Partners, L.P., The Woodbridge Co. Ltd. and Nominal Defendant EGL, Inc., Appellees.

Raymond Somers, derivatively on behalf of EGL, Inc., Appellant

v.

James R. Crane, Milton Carroll, James C. Flagg, Frank J. Hevrdejs, Paul W. Hobby, Michael K. Jhin, Neil E. Kelley, Sherman Wolff, Centerbridge Partners, L.P., The Woodbridge Co. Ltd. and Nominal Defendant EGL, Inc., Appellees.

Nos. 01–07–00754–CV, 01–08–00119–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 26, 2009.

Houston, TX, Randall J. Baron, Kevin K. Green, Darren J. Robbins, David T. Wissbroecker, Coughlin Stoia Geller Rudman & Robbins L.L.P., San Diego, CA, Mark C. Rifkin, Wolf Haldenstein Adler Freeman & Herz L.L.P., New York, NY, for Appellants.

Daniel David, Baker Botts, L.L.P., Andrew L. Strong, Samuel Stubbs, Pillsbury, Winthrop, Shaw, Pittman, L.L.P., Gerald Pecht, John Francis Sullivan III, Fulbright & Jaworski L.L.P., H. Lee Godfrey, Joseph S. Grinstein, Susman Godfrey, L.L.P., Jean C. Frizzell, Laura J. Kissel, Gibbs & Bruns, L.L.P., Larry R. Veselka, Smyser, Kaplan & Veselka, L.L.P., Melanie Gray, Scott J. Atlas, Weil, Gotshal & Manges L.L.P., Odean L. Volker, Haynes & Boone, L.L.P., Houston, TX, Eduard Korsinsky, Zimmerman, Levi & Korsinsky, L.L.P., Gregory M. Nespole, Wolf Haldenstein Adler Freeman & Herz, L.L.P., Nadeem Faruqi, Faruqi & Faruqi, L.L.P., David Elbaum, Bruce D. Angiolillo, Simpson Thacher & Bartlett, L.L.P., New York, NY, Mark C. Gardy, Gardy & Notis, L.L.P., Englewood Cliffs, NJ, for Appellees.

Panel consists of Justices JENNINGS, HANKS, and BLAND.

## OPINION

TERRY JENNINGS, Justice.

In appellate cause number 01–07–00754–CV, appellants, Raymond Somers, derivatively on behalf of EGL, Inc., and Vivian Golombuski and Platinum PVA Fund, on behalf of themselves and all others similarly situated (the "Class"), challenge the trial court's order dismissing their breach of fiduciary duty claims against appellees, James R. Crane, Milton Carroll, James C. Flagg, Frank J. Hevrdejs, Paul W. Hobby, Michael K. Jhin, Neil E. Kelley, Sherman

Sharla J. Frost, Joyce B. Margarce, Powers & Frost, L.L.P., Paul T. Warner, The Warner Law Firm, H. Ronald Welsh,

Wolff, Centerbridge Partners, L.P., the Woodbridge Co., Ltd., and Nominal Defendant EGL, Inc.

In two issues, Somers contends that the trial court erred in granting appellees' motion to dismiss and special exceptions on the ground that Somers's presuit demand "failed to comply with [article 5.14(C) of the Texas Business Corporation Act]"[1] and that the trial court "abuse[d] its discretion by denying Somers's motion for leave to amend and request for findings of fact and conclusions of law." In its first issue, the Class contends that the trial court erred in granting appellees' motion to dismiss because "[i]n a cash-out merger where the corporation will no longer exist in its pre-merger form and the shareholders will be dispossessed of any interest in the corporation after the merger, ... the directors of a Texas corporation owe [a] fiduciary duty directly to the shareholders of a corporation." In its second issue, the Class contends that the trial court erred in denying its new trial motion so that it could plead new causes of action based upon "false and misleading statements" in a proxy that solicited their votes in favor of the merger.

In appellate cause number 01–08–00119–CV, appellant, Raymond Somers, derivatively on behalf of EGL, Inc., challenges the trial court's order dismissing his breach of fiduciary duty claims brought against appellees, James R. Crane, Milton Carroll, James C. Flagg, Frank J. Hevrdejs, Paul W. Hobby, Michael K. Jhin, Neil E. Kelley, Sherman Wolff, Centerbridge Partners, L.P., the Woodbridge Co., Ltd., and Nominal Defendant EGL, Inc. based on appellees' pleas to the jurisdiction. In a single issue, Somers contends that the trial court erred in granting appellees' pleas to the jurisdiction on the

ground that Somers lacked standing to sue derivatively on EGL's behalf.

We affirm the orders of the trial court.

## Factual and Procedural Background

In his fourth amended petition in appellate cause number 01–07–00754–CV, Somers alleges that Crane, who was EGL's Chairman, Chief Executive Officer, and dominating shareholder, and Carroll, Flagg, Hevrdejs, Hobby, Jhin, Kelley, and Sherman, who were EGL's Board of Directors, engaged in efforts to "complete a management-led buyout of EGL" at an inadequate price as well as efforts "to provide certain insiders and directors with preferential treatment at the expense of ... and unfair to [EGL's] public shareholders." Somers asserts that a "Special Committee," which was appointed by and made up of Board members who "were dominated and controlled by Crane," "collectively engaged in a scheme to unfairly sell the Company to Crane" for an undervalued price (the alleged "Crane Acquisition").

Somers further alleged that on March 19, 2007, the Board announced to EGL shareholders that they had accepted an "unfairly low" bid of $38 per share offered by the Buyout Group consisting of Crane, Centerbridge, and Woodbridge, but they "failed to tell shareholders" that a third party, Apollo Management L.P., had submitted a higher bid that the Special Committee had refused to consider. Somers asserts that appellees breached their fiduciary duties by initially refusing to consider this competing offer and by subsequently agreeing to "lock up" the "Crane Acquisition with [allegedly] onerous deal protection devices," such as a $30 million termination fee, 51% of which was payable directly to Crane, if the Crane Acquisition

---

1. *See* TEX. BUS. CORP. ACT ANN. art. 5.14(C) (Vernon 2003).

was not consummated. Somers complains that these and other deal-protection devices made "it impossible for any bidder other than the Buyout Group to buy [EGL] directly" and, because of the deal protection devices, Apollo and other competing bidders were significantly disadvantaged in the sales process.

Somers further alleges that Apollo, which remained interested in buying EGL, brought suit against appellees and, upon learning of Apollo's lawsuit, Somers, on April 11, 2007, filed a motion for temporary injunction and appointment of receiver "aimed at securing an open sales process." Somers agrees in his petition that Apollo had ultimately made the prevailing bid, and, on May 24, 2007, EGL announced that it had entered into a merger agreement with Apollo. However, Somers complains that EGL also announced that it had paid the termination fee to the Buyout Group, a significant portion of which went directly to Crane.[2]

Somers asserts claims against appellees for breach of fiduciary duty and contends that appellees Centerbridge and Woodbridge engaged in a conspiracy and aided and abetted appellees' breach of fiduciary duty. Somers also asserts that appellees engaged in self-dealing, "abuse of control," "gross mismanagement," and "waste of corporate assets." Somers notes that he brought his suit derivatively, and he represents that he will "adequately and fairly" represent the interests of EGL and its shareholders. Somers further asserts that he owned EGL stock "during all relevant times" and he made demands upon the Board on January 4, 2007, March 20, 2007, and April 4, 2007, pursuant to article 5.14(C) of the Texas Business Corporation Act, but the Board did not comply with his demands and EGL is being irreparably harmed.[3]

In his prayer, Somers requests an order directing appellees to exercise their fiduciary duties to obtain a transaction in EGL's best interest, rescinding the Crane Acquisition or any terms thereof, and imposing a constructive trust upon any benefits improperly received by appellees, including the termination fee.

The Class, in its consolidated amended class action, makes allegations similar to those in Somers's petition, but the Class sues appellees directly rather than derivatively. Like the claims asserted by Somers, the Class asserts claims for breach of fiduciary duties and aiding and abetting breach of fiduciary duties against appellees.

Appellees filed their motion to dismiss and special exceptions, which the trial court granted. Somers then filed his motion for leave to amend, and he requested findings of fact and conclusions of law, which the trial court denied. The Class filed its motion for reconsideration and new trial and motion for leave to amend petition, both of which the trial court denied.

In response to the arguments made by appellees in appellate cause number 01–07–00754–CV that he had not provided proper pre-suit notice, Somers made another pre-suit demand in June 2007, wait-

---

**2.** Somers's fourth amended petition, the live petition at the time the trial court dismissed his claims, was filed on May 25, 2007, one day after EGL's announcement that it had entered into a merger agreement with Apollo and paid the termination fee to Crane's Buyout Group.

**3.** Recognizing that article 5.14 does not contain a futility exception, Somers has not asserted on appeal that he was excused from making a demand because such a demand was futile, but rather has only argued that his demand complied with article 5.14. *See* TEX. BUS. CORP. ACT ANN. art. 5.14(C).

ed 90 days, and then filed his second derivative suit, appellate cause number 01–08–00119–CV, on September 18, 2007, after the EGL merger had been consummated and after he had lost his shareholder status. The Class was not a party to this second suit. Somers's factual allegations in this second suit largely mirror those contained in his petition in the first suit. Additionally, Somers alleges that, on July 31, 2007, EGL held a meeting where shareholders were asked to approve the merger with Apollo, a majority of the shares represented voted in favor of the merger, and Apollo's acquisition of EGL was consummated on August 2, 2007.

Somers reasserts the same claims against the individual appellees for breach of fiduciary duty, "self-dealing," "abuse of control," "gross mismanagement," and "waste of corporate assets." Against appellees Centerbridge and Woodbridge, Somers asserts claims for conspiracy and aiding and abetting breach of fiduciary duty. Somers also similarly asserts that he would "adequately and fairly" represent the interests of EGL and its shareholders in this second suit, and he asserts that he owned EGL stock "during all relevant times." Somers further states that, pursuant to article 5.14(C), he made demand upon the Board on June 12, 2007 "to immediately take steps to ensure that [EGL] was compensated for the Board's breaches of fiduciary duty, either by voluntarily repaying the $30 million in damages caused to [EGL] when the termination fee was paid, or by commencing a legal proceeding on behalf of the Company against each EGL Board member for their breaches of fiduciary duty." Somers states that he "did not receive a substantive response to his demand prior to the expiration of 90 days from the date his demand was made, or by September 10, 2007."

In his prayer, Somers requests an order declaring that, by agreeing to the Crane Acquisition, appellees breached their fiduciary duties as well as an order rescinding the payment of the termination fee to the Buyout Group and awarding damages to EGL and its former shareholders.

Appellees filed pleas to the jurisdiction, arguing that Somers lacks standing to bring the derivative suit on behalf of EGL because, in light of Apollo's acquisition of EGL, Somers was no longer an EGL shareholder at the time he filed suit. The trial court granted appellees' pleas and dismissed Somers's suit.

## Standard of Review

"We review a trial court's dismissal of a case upon special exceptions for failure to state a cause of action as an issue of law, using a de novo standard of review." *Alpert v. Crain, Caton, & James, P.C.*, 178 S.W.3d 398, 405 (Tex.App.-Houston [1st Dist.] 2005, pet. denied); *Shirvanian v. DeFrates*, 161 S.W.3d 102, 105 (Tex.App.-Houston [14th Dist.] 2004, pet. denied). We accept as true all of the plaintiff's material factual allegations and all reasonable inferences from those allegations. *DeFrates*, 161 S.W.3d at 105.

We also review de novo a trial court's ruling on a plea to the jurisdiction, which is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction, because subject matter jurisdiction is a question of law. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Texas Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002). In reviewing the trial court's ruling on a plea to the jurisdiction, we construe the pleadings liberally in favor of the plaintiff and determine if the plaintiff is alleging facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Villarreal v. Harris County*, 226

S.W.3d 537, 541 (Tex.App.-Houston [1st Dist.] 2006, no pet.). We may also consider evidence necessary to resolve the jurisdictional issues raised. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). If the pleadings affirmatively negate the existence of jurisdiction, then the trial court may grant a plea to the jurisdiction without providing the plaintiff an opportunity to amend. *Tex. Dep't of Parks & Wild. v. Miranda*, 133 S.W.3d 217, 227 (Tex.2004).

### The Class Appeal

*Fiduciary Duties Owed Directly to Shareholders*

In appellate cause number 01–07–00754–CV, in its first issue, the Class argues that the trial court erred in granting appellees' motion to dismiss because "[i]n a cash-out merger where the corporation will no longer exist in its pre-merger form and the shareholders will be dispossessed of any interest in the corporation after the merger, ... the directors of a Texas corporation owe [a] fiduciary duty directly to the shareholders of a corporation." Appellees argue that the trial court properly granted their special exceptions and dismissed the shareholder class action because the Class has "no direct right of action against [appellees] for alleged breach of fiduciary duty."

"A director's fiduciary duty runs only to the corporation, not to individual shareholders or even to a majority of the shareholders." *Hoggett v. Brown*, 971 S.W.2d 472, 488 (Tex.App.-Houston [14th Dist.] 1997, pet. denied) (citing *Gearhart Indus., Inc. v. Smith Int'l Inc.*, 741 F.2d 707, 721 (5th Cir.1984) and *Schautteet v. Chester State Bank*, 707 F.Supp. 885, 888 (E.D.Tex.1988)); *see also In re Webber*, 350 B.R. 344, 364 (S.D.Tex.2006) ("With respect to a formal fiduciary relationship, a corporate officer's fiduciary duty generally runs only to the corporation and not to individual shareholders."); *Scherrer v. Haynes and Boone, L.L.P.*, No. 01–99–01164–CV, 2002 WL 188825 (Tex.App.-Houston [1st Dist.] Feb. 7, 2002, no pet.) (opinion not designated for publication) ("A corporate director's fiduciary duty runs only to the corporation, not to individual shareholders."); *Aitlqaid v. Soussan*, No. 01–98–01017–CV, 2001 WL 301430 (Tex. App.-Houston [1st Dist.] Mar. 29, 2001, no pet.) (opinion not designated for publication) (same); *A. Copeland Enters., Inc. v. Guste*, 706 F.Supp. 1283, 1288 (W.D.Tex. 1989) ("Claims concerning breach of a corporate director's fiduciary duties can only be brought by a shareholder in a derivative suit because a director's duties run to the corporation, not to the shareholder in his own right."). "[T]he right to proceed against an officer or former officer of a corporation for breaching a fiduciary duty owed to the corporation belongs to the corporation itself." *Grinnell v. Munson*, 137 S.W.3d 706, 718 (Tex.App.-San Antonio 2004, no pet.). "While corporate officers owe fiduciary duties to the corporation they serve, they do not generally owe fiduciary duties to individual shareholders *unless a contract or confidential relationship exists between them in addition to the corporate relationship*." *Cotten v. Weatherford Bancshares, Inc.*, 187 S.W.3d 687, 698 (Tex.App.-Fort Worth 2006, pet. denied) (emphasis added); *see also Grinnell*, 137 S.W.3d at 718. Due to the "extraordinary nature" of a fiduciary relationship, the law does not recognize such a relationship lightly. *Cotten*, 187 S.W.3d at 698.

Here, the Class does not allege that it had a separate contract with appellees nor that it had a special or confidential relationship of the kind previously recognized by Texas courts sufficient to create a fiduciary duty. *See Hoggett*, 971 S.W.2d at 488 n.13 (stating that "in certain limited

circumstances, a majority shareholder who dominates control over the business may owe such a duty to the minority shareholder"). The Class's relationship with appellees was solely a corporate relationship.

■ The Class contends that there is a "special relationship" between directors and shareholders created in the context of a cash-out merger. The Class asserts that "it is hardly clear that a general rule based on a corporate relationship should apply as normally after that corporate relationship ceases to exist." However, the Class concedes that there is no Texas authority recognizing the creation of such a duty in a cash-out merger. Because fiduciary relationships are of an "extraordinary nature" and should not be recognized lightly, and because of the abundant authority stating that a director's or officer's fiduciary duty runs only to the corporation, not to individual shareholders, we decline to recognize the existence of a fiduciary relationship owed directly by a director to a shareholder in the context of a cash-out merger. Accordingly, we hold that the Class cannot bring a cause of action directly against appellees for breach of fiduciary duty. We further hold that the trial court did not err in sustaining appellees' special exceptions on this ground and in dismissing the Class's suit.

We overrule the Class's first issue.

*Denial of Motion for New Trial*

■ In its second issue, the Class contends that the trial court erred in denying its new trial motion so that it could plead new causes of action based upon "false and misleading statements" in a proxy that solicited the shareholders' votes in favor of the merger. Appellees argue that the trial court did not abuse its discretion in denying the Class's motion for leave to amend because the Class "sought to amend their [sic] petition to assert a new claim that could not have been brought until after the trial court dismissed their petition because it was based on subsequent events."

In support of its argument that the trial court abused its discretion in denying its new trial motion and request to amend its pleadings, the Class cites, among other cases, *Weidner v. Sanchez,* 14 S.W.3d 353, 376 (Tex.App.-Houston [14th Dist.] 2000, no pet.). In *Weidner,* the court stated that "[a] trial court has no discretion to refuse a post-verdict amendment of pleadings unless the opposing party presents evidence of surprise or prejudice, *or the amendment asserts a new cause of action or defense and the opposing party objects to the amendment." Id.* (emphasis added).

Here, the trial court signed its order granting appellees' motions to dismiss and special exceptions on June 8, 2007. In its motion for reconsideration and new trial and motion for leave to amend, the Class asserted that, on June 26, 2007, two weeks after the trial court dismissed its suit, EGL filed a proxy statement that was "materially false and misleading." The Class sought to amend its petition to add "direct" claims related to these proxy statements. Appellees filed a response to this motion, objecting to the Class's efforts to amend its petition and add these claims. Because the Class sought to add new claims arising out of a proxy statement that issued after the trial court had dismissed the Class's original breach of fiduciary duty claims, and because appellees objected to the Class's efforts to add these new causes of action after the trial court had already dismissed the original case, we hold that the trial court did not abuse its discretion in denying the Class's motion for reconsideration and new trial and motion for leave to amend seeking to add these new claims.

We overrule the Class's second issue.

## Somers's Derivative Standing

In appellate cause number 01–08–00119–CV, in a single issue, Somers contends that the trial court erred in granting appellees' pleas to the jurisdiction on the ground that Somers lacked standing to sue derivatively on EGL's behalf. Somers asserts that "[u]nder the plain meaning of the Texas Business Corporation Act, he has standing to prosecute the derivative action" and "[a]ny other conclusion would make Texas the only jurisdiction in which shareholders have absolutely no mechanism to secure a remedy for corporate misconduct in the context of a merger transaction." Appellees respond that "[i]t is well established under Texas law that a shareholder must own stock at the time of filing a derivative suit and continuously through the completion of the suit to have derivative standing," and, since it was undisputed that Somers was not a shareholder at the time he filed suit, the trial court properly granted their pleas to the jurisdiction.

Article 5.14(B) of the Texas Business Corporation Act, entitled "Derivative Proceedings," provides,

B. Standing.

A shareholder may not commence or maintain a derivative proceeding unless the shareholder:

(1) was a shareholder of the corporation at the time of the act or omission complained of or became a shareholder by operation of law from a person that was a shareholder at that time; and

(2) fairly and adequately represents the interests of the corporation in enforcing the right of the corporation.

Tex. Bus. Corp. Act Ann. art. 5.14(B) (Vernon 2003). Shareholder is defined in the Business Corporation Act to mean "the person in whose name shares issued by a corporation are registered at the relevant time in the share transfer records maintained by the corporation pursuant to Article 2.44 of this Act." *Id.* art. 1.02(A)(22) (Vernon Supp. 2008).[4] Subsection (M) of article 5.03 of the Texas Business Corporation Act, entitled "Action on Plan of Merger or Exchange," provides, *"To the extent a shareholder of a corporation has standing* to institute or maintain derivative litigation on behalf of the corporation immediately before a merger, nothing in this article may be construed to limit or extinguish the shareholder's standing." *Id.* art. 5.03(M) (Vernon Supp. 2008).

We start with the plain meaning of the controlling statute, article 5.14. Although the parties present opposing constructions of the plain meaning of this article, we conclude that article 5.14(B) states, in no uncertain terms, that "[a] *shareholder* may not commence or maintain a derivative proceeding unless the *shareholder* ...." meets certain requirements. Tex. Bus. Corp. Act Ann. art. 5.14(B) (Emphasis added). Article 5.14(B) refers twice to shareholders, not former shareholders. Accordingly, we hold that, under the plain language of article 5.14(B), Somers is not entitled to bring a derivative proceeding.

Our holding is consistent with the only Texas case to squarely address derivative standing under article 5.14(B), albeit a predecessor version that has since been amended. *See Zauber v. Murray Sav. Ass'n,* 591 S.W.2d 932, 935 (Tex.Civ.App.-Dallas 1979), writ ref'd per curiam, 601 S.W.2d 940 (Tex.1980). The court in *Zauber* considered a former version of article 5.14(B), which provided that "[a] derivative

4. Article 5.14(A)(2) further provides that " '[s]hareholder' includes a beneficial owner whose shares are held in a voting trust or by a nominee on the beneficial owner's behalf." Tex. Bus. Corp. Act Ann art. 5.14(A)(2) (Vernon 2003).

suit may be brought in this State only if: (1) The plaintiff was a record or beneficial owner of shares ... at the time of the transaction of which he complains...." *Id.* at 936 (citing former Tex. Bus. Corp. Act Ann. art. 5.14(B)). In applying this article, the *Zauber* court explained,

> The requirement in article 5.14(B) that in order to bring a derivative suit a plaintiff must have been a shareholder at the time of the wrongful transaction, *is only a minimum requirement.* The federal rule governing derivative suits, which contains similar requirements to article 5.14(B), has been construed to *include a further requirement that shareholder status be maintained throughout the suit.* The reasoning behind allowing a shareholder to maintain a suit in the name of the corporation when those in control wrongfully refuse to maintain it is that *a shareholder has a proprietary interest in the corporation.* Therefore, when a shareholder sues, he is protecting his own interests as well as those of the corporation. If a shareholder voluntarily disposes of his shares after instituting a derivative action, he necessarily destroys the technical foundation of his right to maintain the action. If, on the other hand, a shareholder's status is involuntarily destroyed, a court of equity must determine whether the status was destroyed without a valid business purpose; for example, was the action taken merely to defeat the plaintiff's standing to maintain the suit?

*Id.* at 937–38 (emphasis added) (citations omitted). Thus, the court in *Zauber* indicated that a shareholder must remain a shareholder in order to maintain a derivative suit. *Id.*; *see also Prudential–Bache Secs., Inc. v. Matthews,* 627 F.Supp. 622, 624 (S.D.Tex.1986) (stating that "[s]tanding to bring a derivative action arises from the proprietary interest created by the stockholder relationship and the possible indirect benefits the nominal plaintiff may acquire *qua* stockholder of the corporation which is the real party in interest" and that "Texas law mandates that a derivative plaintiff maintain status as a shareholder"); *Lewis v. Ward,* 852 A.2d 896, 902–04 (Del.2004) (reviewing cases that have applied general rule holding that stockholder-plaintiff may not continue to pursue derivative claims following merger that eliminates plaintiff's shareholder status unless facts are alleged that fall within one of two exceptions to general rule);[5] *Schreiber v. Carney,* 447 A.2d 17, 21 (Del. Ch.1982) (stating that plaintiff who brings derivative suit on behalf of corporation must be stockholder of corporation at time he commences suit and that "it is clear that a merger which eliminates a complaining stockholder's ownership of stock in a corporation also ordinarily eliminates his status to bring or maintain a derivative suit on behalf of the corporation, whether

---

**5.** The court stated that there were two exceptions "to its holding that only a current shareholder has standing to maintain an action that is derivative in nature: (i) if the merger itself is the subject of a claim of fraud, being perpetrated merely to deprive shareholders of the standing to bring a derivative action; or (ii) if the merger is in reality merely a reorganization which does not affect plaintiff's ownership in the business enterprise." *Lewis v. Ward,* 852 A.2d 896, 902 (Del.2004). Even assuming that Texas law may recognize similar exceptions to this general rule, *see Zauber v. Murray Sav. Ass'n,* 591 S.W.2d 932, 935 (Tex.Civ.App.-Dallas 1979), writ ref'd per curiam, 601 S.W.2d 940 (Tex.1980), they do not apply here. Somers does not allege that the merger was perpetrated to commit a fraud, nor does he allege any wrongdoing by Apollo, the eventual purchaser of EGL. We note that Somers is not seeking to void the Apollo acquisition. Somers's sole argument is that, under Texas law, a former shareholder may both commence and maintain a derivative suit on behalf of a company that has been merged out of existence.

the merger takes place before or after the suit is brought, on the theory that upon the merger the derivative rights pass to the surviving corporation which then has the sole right or standing to prosecute the action").

Somers seeks to distinguish *Zauber* by noting that the Legislature amended former article 5.14(B) in 2003 to provide that "[a] shareholder may not *commence or maintain* a derivative proceeding unless the shareholder: (1) was a shareholder of the corporation at the time of the act or omission complained of. . . ." TEX. BUS. CORP. ACT ANN. art. 5.14(B) (emphasis noted by Somers). But the implied requirement recognized by the *Zauber* court that a shareholder must remain a shareholder and retain his shareholder status to maintain a derivative suit did not expressly appear in former article 5.14(B), and nothing in the amended version of article 5.14(B) conflicts with *Zauber* either. *See Zauber*, 591 S.W.2d at 937 (stating that requirement in article 5.14(B) was "only a minimum requirement"). As noted by appellees in their briefing, "Under either version of the statute, Somers would have had standing were contemporaneous ownership sufficient." In accord with the plain language of article 5.14, we hold that a plaintiff seeking to derivatively enforce the rights of a corporation must be a shareholder.

■ Somers also argues that article 5.03(M) of the Texas Business Corporation Act supports his contention that he has standing to commence and maintain the derivative suit even though it is undisputed that he was not a shareholder at the time he filed suit. However, we agree with appellees that nothing in article 5.03(M) confers standing. Rather, article 5.03(M) merely states that *"To the extent a shareholder of a corporation has standing to institute or maintain derivative litigation on behalf of the corporation immediately before a merger, nothing in this article may be construed to limit or extinguish the shareholder's standing." Id.* art. 5.03(M) (emphasis added). Appellees present multiple theories on the effect or meaning of article 5.03(M), specifically asserting that article 5.03(M) should be construed, at most, to mean that a shareholder's standing is not destroyed when that shareholder receives stock in a new corporation rather than cash after a cash-out merger. In that instance, appellees acknowledge that a shareholder might continuously maintain an economic interest in the derivative recovery on behalf of the corporation, but such is not the case where, like here, the plaintiff receives cash in a cash-out merger and no longer owns any shares. *See Blasband v. Rales*, 971 F.2d 1034, 1041 (3d Cir.1992) ("Where there has been a cash-out merger, it is clear that a former shareholder may not maintain a derivative action, for he or she would no longer have an interest in a subsequent corporate recovery. . . . However, where, as here, the plaintiff receives shares of a new corporate entity, the standing issue is less clear, as the plaintiff will have a financial interest in the derivative action."). We agree and hold that article 5.03(M) does not confer standing on a former shareholder like Somers who otherwise lacks standing.[6]

---

**6.** In support of his arguments that article 5.03(M) may confer standing on a former shareholder to bring a derivative suit, Somers cites *Marron v. Ream*, No. CIVA H–06–1394, 2006 WL 2734267 (S.D.Tex. May 05, 2006). However, we agree with appellees that the issue of standing of a former shareholder to bring suit derivatively is not squarely addressed in *Marron* and that the statements cited by Somers are dicta. *Id.* at *7 (suggesting that shareholder who may give up shares if merger is consummated *"may* still not be deprived of his opportunity to institute or

We overrule Somers's sole issue in appellate cause number 01–08–00119–CV.

## Conclusion

In appellate cause number 01–07–00754–CV, we affirm the trial court's orders dismissing the Class's claims against appellees and denying the Class's new trial motion. In appellate cause number 01–08–00119–CV, we affirm the order of the trial court dismissing Somers's claims against appellees because Somers, as a former shareholder, lacks derivative standing. We similarly hold, in appellate cause number 01–07–00754–CV, that even if the trial court erred in granting appellees' motion to dismiss and special exceptions or even if the trial court abused its discretion in denying Somers's motion for leave to amend and request for findings of fact and conclusions of law, Somers would lack standing to pursue his claims derivatively because it is undisputed EGL no longer exists and Somers is no longer a shareholder. Our holding that Somers is not entitled to pursue his claims derivatively is dispositive of his claims in both appellate cause numbers.

maintain a derivative suit on behalf of [the company]'') (emphasis added).