NO. 07-10-0027-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 26, 2011

_____


STANLEY THAW, APPELLANT

v.

LESLIE SCHACHAR, M.D., APPELLEE

_____


FROM THE 158TH DISTRICT COURT OF DENTON COUNTY;

NO. 2008-60134-393; HONORABLE DOUGLAS ROBISON, JUDGE

_____


Before CAMPBELL and HANCOCK and PIRTLE, JJ.


**MEMORANDUM OPINION**


Appellant, Stanley Thaw, appeals from the entry of a judgment rendered in favor of Appellee, Leslie Schachar, M.D., following separate summary judgment proceedings on Schachar's original action seeking enforcement of Thaw's contractual guaranty obligations on a note and lease agreement, and Thaw's counterclaim for breach of fiduciary duty, conversion, equitable accounting, and violation of corporate bylaws.  In two points of error, Thaw asserts the trial court erred by granting (1) Schachar's motion

for partial summary judgment on his collection claims and (2) Schachar's motion for summary judgment on Thaw's counterclaims. We affirm.

**Background**

In June 2002, Schachar and Thaw formed Theramedics, Inc. (Theramedics), a medical service company to provide contracted rehabilitation Medicare and Medicaid services to health care organizations and hospitals. Schachar and Thaw served as Theramedics's initial board of directors and co-owned the business as shareholders and officers, Secretary-Treasurer and President, respectively. In connection with its operation, Theramedics entered into a series of loan transactions and equipment leases for which various lenders and lessors required personal guaranties which were given by Schachar and Thaw.

Two instruments signed by Schachar and Thaw in their individual capacities as guarantors were (1) a note and security agreement with Guaranty National Bank dated December 24, 2002, in the principal amount of $360,000, for the purchase of therapeutic heart equipment (GNB note) and (2) a lease agreement dated March 3, 2003, between Theramedics and Banc One Leasing Corporation, for a hyperbaric oxygen therapy system (Banc One Lease).

In June 2006, Theramedics defaulted on the GNB Note and Banc One Lease, ceased its business activities, and was dissolved. Schachar personally paid off the balances due on the GNB Note and the Banc One Lease. GNB assigned its Note and Thaw's guaranty to Schachar. JP Morgan Chase Bank, N.A., the successor in interest to Banc One Leasing, did the same with respect to the Banc One Lease. Schachar

2

subsequently presented the notes and guaranties to Thaw and demanded payment. Thaw refused to pay.

In his Third Amended Petition filed in October 2008, Schachar asserted a cause of action against Thaw, based on his individual guaranty of the GNB Note and Banc One Lease. By his suit, Schachar sought recovery of Thaw's *pro rata* share of the debt settlement on the two instruments. Schachar also asserted claims for equitable subrogation, promissory estoppel and declaratory relief.

In his First Amended Original Answer, Thaw offered up a general denial and, in answer to Schachar's claim for equitable subrogation, asserted an affirmative defense that Schachar had acted in equity with "unclean hands." In June 2009, Thaw also filed a counterclaim asserting Schachar breached a fiduciary duty owed to Theramedics and to Thaw as a shareholder, violated Theramedics's corporate bylaws, converted Theramedics's property and sought an accounting of all corporate funds and assets in Schachar's possession "for the purposes of any claim in equity."

**Motion for Summary Judgment on Schachar's Contract Claims**

In March 2009, Schachar filed a second motion for partial summary judgment on his claims related to Thaw's guaranties. Schachar's summary judgment evidence consisting of affidavits, business records and relevant documents conclusively established the existence of the debt instruments and associated guaranties, Thaw's signature on each guaranty, Schachar's ownership of the guaranties, the balance remaining due on the GNB Note and Banc One Lease, the fact that demand had been made on Thaw to pay the amounts due on his guaranties, and that Thaw failed to do

3

so.[1]  Schachar also supplied to Thaw a valuation conducted by an independent third-party, Rosen Systems, Inc., of any Theramedics's assets in Schachar's possession.[2]

In his response to Schachar's motion, Thaw did not dispute this evidence. Rather, Thaw's response asserted there were disputed facts precluding summary judgment in Schachar's favor on claims for equitable subrogation, unjust enrichment and restitution.  In a supplemental response, Thaw also asserted Schachar improperly handled Theramedics's business and demanded that Schachar make a demand and presentment under the Texas Uniform Commercial Code which Schachar did.

In August 2009, the trial court ruled in Schachar's favor and awarded Schachar money damages and attorney's fees.  Thereafter, Schachar filed an unopposed notice of partial non-suit regarding his action for equitable subrogation and, in September, the trial court issued an order of non-suit of Schachar's cause of action for equitable subrogation only without prejudice.

**Motion for Summary Judgment on Thaw's Counterclaim**

In October 2009, Schachar filed a motion for summary judgment on Thaw's counterclaims.  In essence, Schachar asserted Thaw's claims belonged to Theramedics and Thaw lacked standing either as a corporate officer or shareholder to bring the

---

[1]To obtain summary judgment on a guaranty agreement, a party must conclusively prove:  (1) the existence and ownership of the guaranty contract, (2) the performance of the terms of the contract by plaintiff, (3) the occurrence of the condition on which liability is based, and (4) guarantor's failure or refusal to perform the promise.  *Barclay v. Waxahachie Bank & Trust Co.,* 568 S.W.2d 721, 723 (Tex.Civ.App.--Waco 1978, no writ).

[2]Certain of Theramedics's assets were accounted for through liquidation in sheriff's sales.  Thaw does not contest any valuation of Theramedics's assets.

counterclaims. Schachar also asserted there was no evidence of any bylaws being adopted by Theramedics, the two year statute of limitations on Thaw's claim for conversion had run,[3] the accounting claim was moot because Schachar had non-suited his claim for equitable subrogation and Schachar had supplied undisputed evidence in the prior summary judgment proceedings valuing Theramedics's assets in his possession that constituted collateral for the corporation's notes and guaranties. In his response, Thaw asserted standing based on his corporate office and status as a shareholder as well as a guarantor of Theramedics's contractual obligations. He contended that Schachar was asserting ownership of the GNB Note and Banc One Lease through Theramedics and the statute of limitations on the conversion claim was tolled because Schachar absconded with the corporation's assets.

In November 2009, the trial court granted summary judgment in Schachar's favor on Thaw's counterclaim and ordered that Thaw take nothing. The same day the trial court issued its final judgment awarding money damages, attorney's fees and costs to Schachar. This appeal followed.

## Discussion

### Standard of Review

We review the trial court's summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In reviewing a summary judgment, we apply well-established standards which are: (1) the movant for summary judgment has

---

[3] *See* Tex. Civ. Prac. & Rem. Code § 16.003(a) (West Supp. 2010).

5

the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; *see* Tex. R. Civ. P. 166a(c); (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001); *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997) (*citing Nixon v. Mr. Prop. Mgmt.* Co., 690 S.W.2d 546, 548-49 (Tex. 1985)). An appellate court must review all of the summary judgment grounds on which the trial court ruled, and may consider any grounds on which the trial court did not rule. *Ritchey v. Pinnell,* 324 S.W.3d 815, 818 (Tex.App.--Texarkana 2010, no pet.) (quoting *Baker Hughes, Inc. v. Keco R. & D., Inc.,* 12 S.W.3d 1, 5 (Tex. 1999)).

**Point One -- Motion for Summary Judgment on Schachar's Contract Claims**

In support of his assertion that the trial court erred by granting Schachar's motion for summary judgment on his contract claims, Thaw asserts that Schachar committed various acts that render his "hands unclean" or at the least raise fact issues whether Schachar is entitled to recover for equitable subrogation, unjust enrichment or restitution.

Our review of Schachar's motion for partial summary judgment indicates Schachar sought judgment on his claims based solely on his ownership of the GNB Note and Banc One Lease with associated guaranties, including Thaw's personal guaranty of each. Schachar's motion did not mention or argue his claim based on equitable subrogation or any other equitable remedy. Moreover, after the trial court

granted judgment in Schachar's favor, Schachar filed an unopposed notice of partial non-suit regarding his asserted action for equitable subrogation which the trial court granted without prejudice.

Where the judgment, as here, does not specify the ground relied upon for granting summary judgment, the judgment must be affirmed if any of the grounds in the motion have merit. *Krueger v. Atascosa County*, 155 S.W.3d 614, 621 (Tex.App.--San Antonio 2004, no pet.) (citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001)). If any theory advanced in a motion for summary judgment supports the granting of a summary judgment, a court of appeals may affirm regardless of whether the trial court specified the grounds on which it relied. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625-26 (Tex. 1996); *Johnson v. Calhoun County Independent School District*, 943 S.W.2d 496, 499 (Tex.App.--Corpus Christi 1997, writ denied).

An appellant must attack every ground upon which summary judgment could have been granted to obtain a reversal; *Krueger*, 155 S.W.3d at 621 (citing *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970)), and, unless an appellant has specifically challenged every possible ground for summary judgment, the appellate court need not review the merits of the challenged ground and may affirm on the unchallenged ground. *Id.* (citing *Reese v. Beaumont Bank, N.A.*, 790 S.W.2d 801, 804-05 (Tex.App.--Beaumont 1990, no writ)). Because the trial court's ruling on Schachar's partial motion for summary judgment is sustainable on the uncontroverted evidence proving up Schachar's guaranty claims, we need not review the merits of whether his

7

claim for equitable subrogation is also meritorious. Appellant's first point of error is overruled.

## Point Two -- Motion for Summary Judgment on Thaw's Counterclaim

Thaw also asserts the trial court erred in granting Schachar's motion for summary judgment on Thaw's counterclaim asserting fraud, conversion, breach of fiduciary duty and violations of Theramedics's bylaws because Schachar and Thaw were officers and shareholders of Theramedics. Schachar asserts Thaw lacks standing to assert claims belonging to Theramedics.

"The general rule in Texas is that 'individual shareholders have no separate and independent right of action for injuries suffered by the corporation which merely result in the depreciation of the value of their stock.'" *Perry v. Cohen*, 285 S.W.3d 137, 144 (Tex.App.--Austin 2009, pet. denied) (quoting *Wingate v. Hajdik*, 795 S.W.2d 717, 719 (Tex. 1990)).[4] "[A] cause of action for injury to the property of a corporation or for impairment or destruction of its business is vested in the corporation, as distinguished from its shareholders, even though the harm may result indirectly in the loss of earnings to the shareholders." *Redmon v. Griffith*, 202 S.W.3d 225, 233 (Tex.App.--Tyler 2006, pet. denied). As a result, to recover for wrongs done to the corporation, a shareholder must bring the suit derivatively in the name of the corporation to ensure that each shareholder is made whole if the corporation obtains compensation from a wrongdoer. *Swank v. Cunningham*, 258 S.W.3d 647, 661 (Tex.App.--Eastland 2008, pet. denied). If

---

[4]This general rule applies even if the corporation is wholly-owned. *Lamajak, Inc. v. Frazin*, 230 S.W.3d 786, 794 (Tex.App.--Dallas 2007, no pet.).

a claim belongs to the corporation, shareholders lack standing to seek redress in their individual capacities, because individual shareholders have no separate and independent right of action for wrongs to the corporation that merely result in depreciation in the value of their stock. *Id.* at 662; *Redmon*, 202 S.W.3d at 233.

Thaw was sued, and he answered and counterclaimed, in his individual capacity. In his counterclaim, he asserts that Schachar breached his fiduciary duty because he failed to restore Theramedics's documents to its former business premises, converted furniture and equipment belonging to Theramedics in 2006, improperly dissolved the corporation and violated the corporation's bylaws. These claims are for wrongs allegedly done to Theramedics and, as such, cannot be brought by Thaw either personally or on behalf of Theramedics. *Corona v. Pilgrim's Pride Corporation*, 245 S.W.3d 75, 78-79 (Tex.App.--Texarkana 2007, pet. denied) (counterclaims for harm done to corporation, i.e., breach of contract, negligence, fraud and conversion, belonged to corporation, not to guarantor who was also a shareholder of corporation and could not be asserted by guarantor in creditor's suit on sworn account).

Further, a co-shareholder, such as Schachar, in a closely held corporation does not as a matter of law owe a fiduciary duty to his co-shareholder; *Redmon*, 202 S.W.3d at 237,[5] and "[a] director's fiduciary duty runs only to the corporation, not to individual shareholders or even to a majority of the shareholders." *Somers v. Crane*, 295 S.W.3d 5, 11 (Tex.App.--Houston [1st Dist.] 2009, pet. denied) (quoting *Haggett v. Brown*, 971

---

[5]Although such a duty may be found to exist where there is a confidential relationship between the two; *Redmon*, 202 S.W.3d at 237, Thaw has neither asserted nor adduced any evidence below or on appeal that would raise any issue of fact as to the existence of such a relationship.

9

S.W.2d 472, 488 (Tex.App.--Houston [14th Dist.] 1997, pet. denied)).[6] Thus, Schachar owed no fiduciary duty to Thaw as a matter of law simply because Schachar was a corporate officer and shareholder of Theramedics.

Standing is a component of subject-matter jurisdiction, and a plaintiff must have standing to maintain a suit. *Swank,* 258 S.W.3d at 661 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445-46 (Tex. 1993)). Because Thaw lacked standing as a matter of law to bring the corporation's claims in his individual capacity, the trial court properly granted summary judgment in Schachar's favor on Thaw's counterclaim. Appellant's second point of error is overruled.

**Conclusion**

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

---

[6]Although such a duty may be found to exist where there is a contract or confidential relationship between the corporate officer and the shareholder; *Somers,* 295 S.W.3d at 11, Thaw has neither asserted nor adduced any evidence below or on appeal that would raise any issue of fact as to the existence of such a contract or relationship.