NO. 07-10-0027-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL A

 JULY 26, 2011

 STANLEY THAW, APPELLANT

 v.

 LESLIE SCHACHAR, M.D., APPELLEE

 FROM THE 158TH DISTRICT COURT OF DENTON COUNTY;

 NO. 2008-60134-393; HONORABLE DOUGLAS ROBISON, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 Appellant, Stanley Thaw, appeals from the entry of a judgment rendered in favor of Appellee,
Leslie Schachar, M.D., following separate summary judgment proceedings on Schachar's original action
seeking enforcement of Thaw's contractual guaranty obligations on a note and lease agreement, and
Thaw's counterclaim for breach of fiduciary duty, conversion, equitable accounting, and violation of
corporate bylaws. In two points of error, Thaw asserts the trial court erred by granting (1)
Schachar's motion for partial summary judgment on his collection claims and (2) Schachar's motion
for summary judgment on Thaw's counterclaims. We affirm.

 Background

 In June 2002, Schachar and Thaw formed Theramedics, Inc. (Theramedics), a medical service
company to provide contracted rehabilitation Medicare and Medicaid services to health care
organizations and hospitals. Schachar and Thaw served as Theramedics's initial board of directors
and co-owned the business as shareholders and officers, Secretary-Treasurer and President,
respectively. In connection with its operation, Theramedics entered into a series of loan
transactions and equipment leases for which various lenders and lessors required personal guaranties
which were given by Schachar and Thaw.

 Two instruments signed by Schachar and Thaw in their individual capacities as guarantors were
(1) a note and security agreement with Guaranty National Bank dated December 24, 2002, in the
principal amount of $360,000, for the purchase of therapeutic heart equipment (GNB note) and (2) a
lease agreement dated March 3, 2003, between Theramedics and Banc One Leasing Corporation, for a
hyperbaric oxygen therapy system (Banc One Lease).

 In June 2006, Theramedics defaulted on the GNB Note and Banc One Lease, ceased its business
activities, and was dissolved. Schachar personally paid off the balances due on the GNB Note and
the Banc One Lease. GNB assigned its Note and Thaw's guaranty to Schachar. JP Morgan Chase Bank,
N.A., the successor in interest to Banc One Leasing, did the same with respect to the Banc One
Lease. Schachar subsequently presented the notes and guaranties to Thaw and demanded payment. Thaw
refused to pay.

 In his Third Amended Petition filed in October 2008, Schachar asserted a cause of action
against Thaw, based on his individual guaranty of the GNB Note and Banc One Lease. By his suit,
Schachar sought recovery of Thaw's pro rata share of the debt settlement on the two instruments.
Schachar also asserted claims for equitable subrogation, promissory estoppel and declaratory relief.

 In his First Amended Original Answer, Thaw offered up a general denial and, in answer to
Schachar's claim for equitable subrogation, asserted an affirmative defense that Schachar had acted
in equity with "unclean hands." In June 2009, Thaw also filed a counterclaim asserting Schachar
breached a fiduciary duty owed to Theramedics and to Thaw as a shareholder, violated Theramedics's
corporate bylaws, converted Theramedics's property and sought an accounting of all corporate funds
and assets in Schachar's possession "for the purposes of any claim in equity."

 Motion for Summary Judgment on Schachar's Contract Claims

 In March 2009, Schachar filed a second motion for partial summary judgment on his claims
related to Thaw's guaranties. Schachar's summary judgment evidence consisting of affidavits,
business records and relevant documents conclusively established the existence of the debt
instruments and associated guaranties, Thaw's signature on each guaranty, Schachar's ownership of
the guaranties, the balance remaining due on the GNB Note and Banc One Lease, the fact that demand
had been made on Thaw to pay the amounts due on his guaranties, and that Thaw failed to do so.[1]
Schachar also supplied to Thaw a valuation conducted by an independent third-party, Rosen Systems,
Inc., of any Theramedics's assets in Schachar's possession.[2]

 In his response to Schachar's motion, Thaw did not dispute this evidence. Rather, Thaw's
response asserted there were disputed facts precluding summary judgment in Schachar's favor on
claims for equitable subrogation, unjust enrichment and restitution. In a supplemental response,
Thaw also asserted Schachar improperly handled Theramedics's business and demanded that Schachar
make a demand and presentment under the Texas Uniform Commercial Code which Schachar did.

 In August 2009, the trial court ruled in Schachar's favor and awarded Schachar money damages
and attorney’s fees. Thereafter, Schachar filed an unopposed notice of partial non-suit regarding
his action for equitable subrogation and, in September, the trial court issued an order of non-suit
of Schachar's cause of action for equitable subrogation only without prejudice.

 Motion for Summary Judgment on Thaw's Counterclaim

 In October 2009, Schachar filed a motion for summary judgment on Thaw's counterclaims. In
essence, Schachar asserted Thaw's claims belonged to Theramedics and Thaw lacked standing either as
a corporate officer or shareholder to bring the counterclaims. Schachar also asserted there was no
evidence of any bylaws being adopted by Theramedics, the two year statute of limitations on Thaw's
claim for conversion had run,[3] the accounting claim was moot because Schachar had non-suited his
claim for equitable subrogation and Schachar had supplied undisputed evidence in the prior summary
judgment proceedings valuing Theramedics's assets in his possession that constituted collateral for
the corporation's notes and guaranties. In his response, Thaw asserted standing based on his
corporate office and status as a shareholder as well as a guarantor of Theramedics's contractual
obligations. He contended that Schachar was asserting ownership of the GNB Note and Banc One Lease
through Theramedics and the statute of limitations on the conversion claim was tolled because
Schachar absconded with the corporation's assets.

 In November 2009, the trial court granted summary judgment in Schachar's favor on Thaw's
counterclaim and ordered that Thaw take nothing. The same day the trial court issued its final
judgment awarding money damages, attorney’s fees and costs to Schachar. This appeal followed.

 Discussion

 Standard of Review

 We review the trial court(s summary judgment de novo. Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005). In reviewing a summary judgment, we apply well-established standards
which are: (1) the movant for summary judgment has the burden of showing that there is no genuine
issue of material fact and that it is entitled to judgment as a matter of law; see Tex. R. Civ. P.
166a(c); (2) in deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable
inference must be indulged in favor of the non-movant and any doubts resolved in its favor. Shah v.
Moss, 67 S.W.3d 836, 842 (Tex. 2001); Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997)
(citing Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985)). An appellate court must
review all of the summary judgment grounds on which the trial court ruled, and may consider any
grounds on which the trial court did not rule. Ritchey v. Pinnell, 324 S.W.3d 815, 818 (Tex.App.--
Texarkana 2010, no pet.) (quoting Baker Hughes, Inc. v. Keco R. & D., Inc., 12 S.W.3d 1, 5 (Tex.
1999)).

 Point One -- Motion for Summary Judgment on Schachar's Contract Claims

 In support of his assertion that the trial court erred by granting Schachar's motion for
summary judgment on his contract claims, Thaw asserts that Schachar committed various acts that
render his "hands unclean" or at the least raise fact issues whether Schachar is entitled to recover
for equitable subrogation, unjust enrichment or restitution.

 Our review of Schachar's motion for partial summary judgment indicates Schachar sought
judgment on his claims based solely on his ownership of the GNB Note and Banc One Lease with
associated guaranties, including Thaw's personal guaranty of each. Schachar's motion did not
mention or argue his claim based on equitable subrogation or any other equitable remedy. Moreover,
after the trial court granted judgment in Schachar's favor, Schachar filed an unopposed notice of
partial non-suit regarding his asserted action for equitable subrogation which the trial court
granted without prejudice.

 Where the judgment, as here, does not specify the ground relied upon for granting summary
judgment, the judgment must be affirmed if any of the grounds in the motion have merit. Krueger v.
Atascosa County, 155 S.W.3d 614, 621 (Tex.App.--San Antonio 2004, no pet.) (citing Dow Chem. Co. v.
Francis, 46 S.W.3d 237, 242 (Tex. 2001)). If any theory advanced in a motion for summary judgment
supports the granting of a summary judgment, a court of appeals may affirm regardless of whether the
trial court specified the grounds on which it relied. See Cincinnati Life Ins. Co. v. Cates, 927
S.W.2d 623, 625-26 (Tex. 1996); Johnson v. Calhoun County Independent School District, 943 S.W.2d
496, 499 (Tex.App.--Corpus Christi 1997, writ denied).

 An appellant must attack every ground upon which summary judgment could have been granted to
obtain a reversal; Krueger, 155 S.W.3d at 621 (citing Malooly Bros., Inc. v. Napier, 461 S.W.2d 119,
121 (Tex. 1970)), and, unless an appellant has specifically challenged every possible ground for
summary judgment, the appellate court need not review the merits of the challenged ground and may
affirm on the unchallenged ground. Id. (citing Reese v. Beaumont Bank, N.A., 790 S.W.2d 801, 804-05
(Tex.App.--Beaumont 1990, no writ)). Because the trial court's ruling on Schachar's partial motion
for summary judgment is sustainable on the uncontroverted evidence proving up Schachar's guaranty
claims, we need not review the merits of whether his claim for equitable subrogation is also
meritorious. Appellant's first point of error is overruled.

 Point Two -- Motion for Summary Judgment on Thaw's Counterclaim

 Thaw also asserts the trial court erred in granting Schachar's motion for summary judgment
on Thaw's counterclaim asserting fraud, conversion, breach of fiduciary duty and violations of
Theramedics's bylaws because Schachar and Thaw were officers and shareholders of Theramedics.
Schachar asserts Thaw lacks standing to assert claims belonging to Theramedics.

 "The general rule in Texas is that 'individual shareholders have no separate and independent
right of action for injuries suffered by the corporation which merely result in the depreciation of
the value of their stock.'" Perry v. Cohen, 285 S.W.3d 137, 144 (Tex.App.--Austin 2009, pet.
denied) (quoting Wingate v. Hajdik, 795 S.W.2d 717, 719 (Tex. 1990)).[4] "[A] cause of action for
injury to the property of a corporation or for impairment or destruction of its business is vested
in the corporation, as distinguished from its shareholders, even though the harm may result
indirectly in the loss of earnings to the shareholders." Redmon v. Griffith, 202 S.W.3d 225, 233
(Tex.App.--Tyler 2006, pet. denied). As a result, to recover for wrongs done to the corporation, a
shareholder must bring the suit derivatively in the name of the corporation to ensure that each
shareholder is made whole if the corporation obtains compensation from a wrongdoer. Swank v.
Cunningham, 258 S.W.3d 647, 661 (Tex.App.--Eastland 2008, pet. denied). If a claim belongs to the
corporation, shareholders lack standing to seek redress in their individual capacities, because
individual shareholders have no separate and independent right of action for wrongs to the
corporation that merely result in depreciation in the value of their stock. Id. at 662; Redmon, 202
S.W.3d at 233.

 Thaw was sued, and he answered and counterclaimed, in his individual capacity. In his
counterclaim, he asserts that Schachar breached his fiduciary duty because he failed to restore
Theramedics's documents to its former business premises, converted furniture and equipment belonging
to Theramedics in 2006, improperly dissolved the corporation and violated the corporation's bylaws.
These claims are for wrongs allegedly done to Theramedics and, as such, cannot be brought by Thaw
either personally or on behalf of Theramedics. Corona v. Pilgrim's Pride Corporation, 245 S.W.3d
75, 78-79 (Tex.App.--Texarkana 2007, pet. denied) (counterclaims for harm done to corporation, i.e.,
breach of contract, negligence, fraud and conversion, belonged to corporation, not to guarantor who
was also a shareholder of corporation and could not be asserted by guarantor in creditor's suit on
sworn account).

 Further, a co-shareholder, such as Schachar, in a closely held corporation does not as a
matter of law owe a fiduciary duty to his co-shareholder; Redmon, 202 S.W.3d at 237,[5] and "[a]
director's fiduciary duty runs only to the corporation, not to individual shareholders or even to a
majority of the shareholders." Somers v. Crane, 295 S.W.3d 5, 11 (Tex.App.--Houston [1st Dist.]
2009, pet. denied) (quoting Haggett v. Brown, 971 S.W.2d 472, 488 (Tex.App.--Houston [14th Dist.]
1997, pet. denied)).[6] Thus, Schachar owed no fiduciary duty to Thaw as a matter of law simply
because Schachar was a corporate officer and shareholder of Theramedics.

 Standing is a component of subject-matter jurisdiction, and a plaintiff must have standing to
maintain a suit. Swank, 258 S.W.3d at 661 (citing Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 445-46 (Tex. 1993)). Because Thaw lacked standing as a matter of law to bring the
corporation's claims in his individual capacity, the trial court properly granted summary judgment
in Schachar's favor on Thaw's counterclaim. Appellant's second point of error is overruled.

 Conclusion

 The trial court's judgment is affirmed.

 Patrick A. Pirtle
 Justice

-----------------------
[1]To obtain summary judgment on a guaranty agreement, a party must conclusively prove: (1) the
existence and ownership of the guaranty contract, (2) the performance of the terms of the contract
by plaintiff, (3) the occurrence of the condition on which liability is based, and (4) guarantor's
failure or refusal to perform the promise. Barclay v. Waxahachie Bank & Trust Co., 568 S.W.2d 721,
723 (Tex.Civ.App.--Waco 1978, no writ).

[2]Certain of Theramedics’s assets were accounted for through liquidation in sheriff's sales. Thaw
does not contest any valuation of Theramedics’s assets.

[3]See Tex. Civ. Prac. & Rem. Code § 16.003(a) (West Supp. 2010).

[4]This general rule applies even if the corporation is wholly-owned. Lamajak, Inc. v. Frazin, 230
S.W.3d 786, 794 (Tex.App.--Dallas 2007, no pet.).

[5]Although such a duty may be found to exist where there is a confidential relationship between the
two; Redmon, 202 S.W.3d at 237, Thaw has neither asserted nor adduced any evidence below or on
appeal that would raise any issue of fact as to the existence of such a relationship.

[6]Although such a duty may be found to exist where there is a contract or confidential relationship
between the corporate officer and the shareholder; Somers, 295 S.W.3d at 11, Thaw has neither
asserted nor adduced any evidence below or on appeal that would raise any issue of fact as to the
existence of such a contract or relationship.