

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-12-00033-CV
_____

RICHARD W. OPPERMAN, JR., APPELLANT

V.

RANDAL SCOTT OPPERMAN AND LORRI OPPERMAN, APPELLEES

On Appeal from the 236ᵀᴴ District Court
Tarrant County, Texas
Trial Court No.236-242458-09, Honorable Tom Lowe, Presiding

December 9, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Richard W. Opperman, Jr., Appellant, appeals the entry of an order granting a take-nothing summary judgment in favor of Randal Scott Opperman and Lorri Opperman, Appellees, on Appellant's breach of fiduciary duty claim. Stated in five issues, Appellant asserts the trial court erred by denying (1) his motion to continue the summary judgment hearing and (2) his opportunity to cure any defects in the form of his summary judgment evidence. He also contends (3) Appellees' objections to the form of

his summary judgment evidence were waived, and the trial court erred in granting Appellees' (4) traditional and (5) no-evidence motion for summary judgment. We affirm in part and reverse in part the trial court's order granting summary judgment and remand this case for further proceedings consistent with this opinion.

## BACKGROUND

Opperman Electric Company, Inc. ("Opperman Electric") is a closely-held Texas corporation, originally incorporated in September 1986. Its initial Directors were Richard W. Opperman, Sr., Richard W. Opperman, Jr., and Randal Scott Opperman. Randal Scott Opperman was elected to serve as President, and his wife, Lorri Opperman, was elected to serve as Secretary. Appellant was elected to serve as Vice-President. The parties originally agreed that Randal Scott Opperman would own ninety percent of the outstanding shares (900 shares) and Appellant, his brother, would own the remaining ten percent (100 shares). According to Appellant, the parties also agreed that all corporate income would be distributed according to their ownership interests. Although Appellant and Appellees continued to serve in their respective capacities as officers and directors from the corporation's inception until it was sold to a third party on May 30, 2008, in 2009 a dispute arose as to whether their ownership interests had changed. Appellant contends he still owned a ten percent interest in the corporation at the time of sale, whereas Appellees contend Appellant effectively sold his shares to Randall Scott Opperman in 2002.

As a result of this dispute, Appellant filed suit against Appellees in December 2009, contending their conduct as corporate officers and directors breached fiduciary

duties owed by them to the corporation and to Appellant. Specifically, Appellant alleged the 2008 sale of the corporation to a third party was "unfair" and "inequitable," and he sought both an accounting and damages representing ten percent of the corporation's net income from 1986 through 2008. In support of his claim of unfair dealings, Appellant alleged that in April 2008, just prior to the sale of the corporation, Appellees demanded he sign documents that inaccurately reflected a transfer of his ten percent interest in the corporation to Randal Scott Opperman in May 2002. Appellant sought "actual damages," including mental anguish, exemplary damages, disgorgement of profits, interest, court costs and attorney's fees.

In July 2011, more than a year and one-half after suit was filed, Appellees filed both a Traditional and No-Evidence Motion for Summary Judgment asserting there was no evidence of an essential element of Appellant's breach of a fiduciary duty claim, to-wit: that Appellant still owned an interest in the corporation and that, as a result thereof, they owed him any fiduciary duty. They also sought summary judgment on a variety of affirmative defenses including limitations, lack of standing, waiver, laches and quasi-estoppel. On August 12, 2011, Appellant filed a motion to continue the summary judgment hearing set for September 2 until October 14, the discovery cutoff date. Appellant's counsel asserted, via affidavit, that additional time was needed to secure documentary evidence regarding the sale of Opperman Electric in 2008, and to depose the new owners and Appellees. The trial court denied the motion for continuance and Appellant timely responded to Appellees' motion for summary judgment.

On September 2, the day of the summary judgment hearing, Appellees filed objections to Appellant's summary judgment evidence alleging his exhibits had not been

properly authenticated, contained hearsay and were conclusory. On September 8, without expressly ruling on Appellees' objections and without specifying the basis for the summary judgment ruling, the trial court issued its order stating, in pertinent part, the following:

> Upon consideration of [Appellees' motion], the response, the reply, and the evidence submitted, and after hearing arguments of counsel, the Court is of the opinion that Defendants' . . . Motion for Summary Judgment should be GRANTED.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendants' . . . Motion for Summary Judgment is hereby GRANTED and that all of Plaintiff's claims asserted against Defendants in the above-numbered cause are hereby DISMISSED WITH PREJUDICE to the refilling of same.
>
> Appellant now seeks to set aside that order.

## DISCUSSION

Because we find issues three, four and five to be dispositive of this appeal, we pretermit issues one and two, and begin our discussion with issue three. *See* TEX. R. APP. P. 47.1. Issues four and five will be discussed together.

## ISSUE THREE
### APPROPRIATE SUMMARY JUDGMENT EVIDENCE

While Appellant's third issue does not specifically complain of error by the trial court, for purposes of discussion we construe the issue as contending the trial court erred in sustaining Appellees' objections to Appellant's summary judgment evidence. In that regard, we note that on July 28, 2011, Appellees' filed their traditional and no-evidence motion for summary judgment and, in response thereto, on August 26, 2011,

4

Appellant filed his summary judgment evidence consisting of his personal affidavit and supporting exhibits. On September 2, 2011, the date set for submission of Appellees' summary judgment motion, Appellees filed an objection to Appellant's summary judgment evidence; however, they never obtained a ruling on those objections. Appellant now attacks Appellees' contention that all or a part of his summary judgment evidence was properly excluded by the trial court when it implicitly sustained their objections.

Addressing first Appellees' contention the trial court implicitly sustained their objections by granting the summary judgment motion, we note there is a split of authority among the intermediate appellate courts as to whether, pursuant to Rule 33.1(a)(2)(A) of the Texas Rules of Appellate Procedure,[1] an objection to summary judgment evidence can be implicitly granted without a written, signed order. *See Stewart v. Sanmina Tex., L.P.*, 156 S.W.3d 198, 206 (Tex. App.—Dallas 2005, no pet.). Because this case was transferred to this Court from the Second Court of Appeals, we must decide the case in accordance with the precedent of the transferor court under principles of *stare decisis.* TEX. R. APP. P. 41.3. The Second Court of Appeals has held that an objection claiming that an affidavit presented as summary judgment evidence is "not based on personal knowledge, contains hearsay, and is conclusory" (as was done here) is not implicitly sustained by the granting of summary judgment. *See Law Office of David E. Williams, II, P.C. v. Fort Worth Tex. Magazine Venture, LP*, No. 02-10-00373-CV, 2011 Tex. App. LEXIS 5157, at *7 (Tex. App.—Fort Worth July 7, 2011, no

---

[1]TEX. R. APP. P. 33.1(a)(2) provides that one of the prerequisites to presenting a complaint for appellate review is that "the trial court: (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.")

5

pet.) (mem. op.). We agree with our sister court that the better practice would be for the trial court to disclose, in writing, its ruling on all summary judgment evidence before the time it enters an order granting or denying summary judgment. *Id.* Accordingly, on this record, we decline the invitation to conclude the trial court implicitly sustained any of Appellees' objections.

Furthermore, we note the order granting summary judgment expressly provides the trial court considered "the response, the reply and the evidence submitted." Appellant's summary judgment evidence, the *Affidavit of Richard W. Opperman, Jr.* and the exhibits attached thereto, was part of that evidence submitted. Accordingly, we find that evidence was properly before and considered by the trial court in its summary judgment ruling. Because Appellant's summary judgment evidence was not excluded, the trial court did not err in that regard. Appellant's third issue is overruled.

**ISSUES FOUR AND FIVE**
**SUMMARY JUDGMENT STANDARD OF REVIEW**

If, as here, a trial court's order granting summary judgment does not specify the basis for the trial court's ruling, the summary judgment will be affirmed if any of the theories advanced by the movant are meritorious. *Joe v. Two Thirty Nine J.V.*, 145 S.W.3d 150, 157 (Tex. 2004). In determining whether a theory advanced by the movant is meritorious we review a trial court's summary judgment *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003) (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)). Summary judgment is appropriate when there is no genuine issue as to any material fact and judgment should be granted in favor of the movant as a matter of law. *Diversicare Gen. Partner,*

6

*Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2003) (citing *KPMG Peat Marwick v. Harrision Co. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999)).  All doubts are resolved against the movant, and the evidence viewed in the light most favorable to nonmovants. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001).

A defendant moving for traditional summary judgment must (1) conclusively negate at least one element of each of the plaintiff's causes of action or (2) conclusively establish each element of an affirmative defense as to each cause of action.  *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).  Under the no-evidence summary judgment rule, a defendant is entitled to summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim on which the nonmovant has the burden of proof at trial.  TEX. R. CIV. P. 166a(i).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact with regard to the essential elements the movant contends to be lacking, then a no-evidence summary judgment is not proper.  *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030, 124 S.Ct. 2097, 158 L.Ed.2d 711 (2004).

### BREACH OF FIDUCIARY DUTY

Appellant has asserted an individual claim for damages based upon an alleged breach of fiduciary duty.  The elements of a breach of fiduciary duty claim are:  (1) a fiduciary relationship between the plaintiff and defendant; (2) a breach of the duty by the

defendant; and (3) injury to the plaintiff or benefit to the defendant. *See Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied).

Here, Appellees contend their summary judgment evidence negates an essential element of Appellant's claim, to-wit: the existence of a fiduciary duty, because Appellant was not a shareholder after May 2002. In his response to Appellees' motion for summary judgment, Appellant's affidavit contends that "[f]rom the inception of Opperman Electric Company in 1986 until its sale in 2008, I was a 10% owner." Appellant further specifically states he did not sell his ownership interest to Randal Scott Opperman in May of 2002. Appellant supports his contention that a genuine issue of material fact exists with respect to his claim of shareholder status because he received a $2,000 dividend in October 2005 and Opperman Electric's tax returns from 2003 through 2007 indicate he owned shares of the corporation's common stock. Because we must resolve all doubts against Appellees as summary judgment movants, and view the nonmovant's summary judgment evidence in the light most favorable to the nonmovant, we find these allegations alone raise a genuine issue of material fact as to whether or not he was a shareholder at the time of sale of Opperman Electric in May 2008. Because this fact issue exists, Appellees have not established as a matter of law that a fiduciary relationship did not exist between them based upon their contention that Appellant was not a shareholder.

Our inquiry must not, however, end there. Appellant's status as a co-shareholder in a closely-held corporation alone does not automatically create a fiduciary relationship between co-shareholders. *Kaspar v. Throne*, 755 S.W.2d 151, 155 (Tex. App.—Dallas 1988, no writ). "A co-shareholder in a closely held corporation does not as a matter of

law owe a fiduciary duty to his co-shareholder." *Pabich v. Kellar*, 71 S.W.3d 500, 504 (Tex. App.—Fort Worth 2002, pet. denied); *Hoggett v. Brown*, 971 S.W.2d 472, 488 (Tex. App.—Houston [14th Dist.] 1997, pet. denied). Even in the context of disproportionate ownership interests, the vast majority of intermediate appellate courts of this state have declined to recognize a broad formal fiduciary relationship between majority and minority shareholders that applies as a matter of law to every transaction between them. *Cardiac Perfusion Servs. v. Hughes*, 380 S.W.3d 198, 214 (Tex. App.—Dallas 2012, pet. filed); *Allen v. Devon Energy Holdings, L.L.C.*, 367 S.W.3d 355, 391 (Tex. App.—Houston [1st Dist.] 2012, pet. filed). However, that authority notwithstanding, many courts have recognized that, depending on the circumstances of each case, an informal duty may exist between co-shareholders where there is a confidential relationship between the parties. *See generally Willis v. Donnelley*, 199 S.W.3d 262, 277 (Tex. 2006) (holding that while co-shareholders in closely-held corporation do not owe a formal fiduciary duty to one another, they could owe an informal duty depending on the given circumstances); *Devon Energy Holdings, L.L.C.*, 367 S.W.3d at 391 (recognizing a fiduciary duty between co-shareholders in the context of a redemption where the majority ownership interest had dominant control over the business); *Kaspar*, 755 S.W.2d at 155 (finding that even though shareholders in closely-held corporation did not owe a fiduciary duty to one another as a matter of law, judgment was reversed because jury was not asked if an informal duty exists). Furthermore, officers or directors may owe a fiduciary duty to individual shareholders if a contract or confidential relationship exists between them in addition to the corporate relationship. *See Somers v. Crane*, 295 S.W.3d 5, 11 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (citing *Cotton v. Weatherford Bancshares, Inc.*, 187 S.W.3d 687, 698

9

(Tex. App.—Fort Worth 2006, pet denied)).  The existence of such "confidential relationships" giving rise to an informal duty is usually a question of fact, although when the issue is one of no evidence, it becomes a question of law."  *See Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 594 (Tex. 1992).

Courts finding such an informal fiduciary duty "have done so partly based on the rationale that shareholders in a closely-held corporation are more realistically viewed as partners and therefore owe each other duties analogous to partners in a partnership." *Devon Energy Holdings, L.L.C.*, 367 S.W.3d at 390.  Other courts have focused on the majority shareholders' domination or control of the corporation's affairs, while still others have focused on the majority shareholder's access to insider or special information.  *Id.*

In that regard, the Texas Supreme Court has held that a confidential relationship "exists where a special confidence is reposed in another who in equity and good conscience is bound to act in good faith and with due regard to the interest of the one reposing confidence."  *See Texas Bank & Trust Co. v. Moore*, 595 S.W.2d 502, 507 (Tex. 1980).  *See also Crim Truck*, 823 S.W.2d at 594 ((finding that a confidential relationship exists where influence has been acquired and abused, and confidence has been reposed and betrayed).  Thus, "[a] person is justified in placing confidence in the belief that another party will act in his or her best interest only where he or she is accustomed to being guided by the judgment or advice of the other party, and there exists a long association in a business relationship, as well as personal relationship." *See Hoggett*, 971 S.W.2d at 488.  *See also Flanary v. Mills*, 150 S.W.3d 785, 794 (Tex. App.—Austin 2004, pet. denied) (holding that a confidential relationship existed between uncle and nephew where nephew always had faith in his uncle, looked up to

10

his uncle and trusted him, worked with his uncle in the oil fields for more than twenty years, served together as partners in a roofing business before forming the corporation that was the subject of the litigation, left the finances of the roofing partnership and later the corporation in his uncle's hands, and his uncle told him not to worry about the corporation's profitability).

Here, Appellees contend there is no evidence of a confidential relationship between Appellant and Appellees giving rise to an informal fiduciary duty. Appellant counters arguing that such a duty does exist by virtue of their relationship as co-officers and co-directors of the corporation. Appellant further contends their familial relationship creates a confidential relationship giving rise to an informal fiduciary duty. In this regard, Appellees themselves acknowledge that a special relationship existed between the parties where they went "over and above" the call of familial relationships to care for Appellant. *But see Texas Bank and Trust Co. v. Moore*, 595 S.W.2d 502, 508 (Tex. 1980) (finding that, standing alone, neither the existence of a family relationship nor the bestowing of benefits establishes a fiduciary relationship). In the context of a defensive motion for summary judgment, because Appellant has presented at least a scintilla of probative evidence raising a genuine issue of material fact concerning whether a contract or confidential relationship existed between the parties giving rise to an informal fiduciary relationship and whether Appellees breached that duty, trial court's traditional and no-evidence summary judgment was improper. Appellees have not established as a matter of law that a fiduciary relationship did not exist between them. Accordingly, we find the trial court erred in granting summary judgment on that basis

11

because Appellees have not negated the existence of a fiduciary relationship as a matter of law.

## LIMITATIONS

Appellees assert that Appellant's claims are barred by the applicable statute of limitations because his claims or cause of action "began to run when he ceased being a shareholder of Opperman Electric as of May 28, 2002" when Appellant allegedly sold his shares to Randal Scott Opperman. As more fully discussed hereinabove, Appellant has established a material fact issue with respect to these claims. Therefore, if it granted summary judgment on the basis of limitations, the trial court erred because Appellees did not conclusively establish each element of the affirmative defense of limitations.

## LACK OF STANDING

In his *First Amended Petition* (Appellant's active pleading at the time summary judgment was granted) Appellant sought to "assert his right as [a] 10% shareholder of this close corporation," by alleging Appellees, as officers of the corporation, breached fiduciary duties owed "to the corporation they serve, as well as to individual shareholders." Texas corporate law does provide that a cause of action for injury to the property of a corporation, or the impairment or destruction of its business, is vested in the corporation, as distinguished from its stockholders, even though it may result indirectly in the loss of earnings to stockholders. *Redmon v. Griffith*, 202 S.W.3d 225, 237 (Tex. App.—Tyler 2006, pet. denied); *Bilodeau v. Webb*, 170 S.W.3d 904, 912 (Tex. App.—Corpus Christi 2005, pet. denied) (collected cases cited therein). See

12

*Lamajak, Inc. v. Frazin*, 230 S.W.3d 786, 794 (Tex. App.—Dallas 2007, no pet.) ("It is well established that a corporate shareholder, even of a wholly owned corporation, cannot recover damages personally for a wrong done to the corporation even though he [or she] may be injured by that wrong.") Accordingly, to the extent that Appellant's claim can be construed as asserting a claim or cause of action on behalf of the corporation, he does not have standing to do so and the trial court did not err in granting summary judgment on that basis, as to those claims.

### THE DOCTRINES OF WAIVER, LACHES AND QUASI-ESTOPPEL

Appellees further contend Appellants claims are barred by the doctrines of waiver, laches and quasi-estoppel because the summary judgment evidence establishes the following "undisputed facts": (1) Appellant was removed as a shareholder "effective" May 28, 2002, (2) his removal as a shareholder was at his request to avoid any non-compete obligations associated with the 2008 sale, (3) he never questioned the source or purpose of corporate distributions, (4) he never requested an accounting, (5) he had unlimited access to the corporate books and records, (6) he was never denied access to the corporate books and records, (7) he knew the location of the books and records, (8) he used the same accountant as Opperman Electric, and (9) he repeatedly utilized Opperman Electric funds for his own personal benefit. Because Appellant's affidavit was properly before the trial court, these allegations simply were not "undisputed." Therefore, because we must resolve all doubts against Appellees, as movants, and view the summary judgment evidence in the light most favorable to Appellant, as the nonmovant, we find Appellant has presented at least a scintilla of probative evidence raising a genuine issue of material fact such that

13

Appellees have not established every element of these affirmative defenses as a matter of law.  Accordingly, if the trial court granted summary judgment on the basis of the affirmative defenses of waiver, laches or quasi-estoppel, we find the trial court erred in doing so.

## CONCLUSION

Issues four and five are overruled and summary judgment is affirmed as to any and all claims or causes of action asserted on behalf of the corporation.  Otherwise, issues four and five are sustained and the trial court's order granting summary judgment is reversed.  This cause is remanded to the trial court for further proceedings consistent with this opinion.

Patrick A. Pirtle
Justice

14